INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.* COMMONWEALTH OF KENTUCKY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 298. Argued April 24, 1914.—Decided June 22, 1914.

Where the state court has denied a motion to quash the service of process on a foreign corporation, and has also held that the statute on which the action is based is not unconstitutional, both the question of validity of the service and that of the constitutionality of the act are before this court for review.

*International Harvester Company* v. *Kentucky, ante,* p. 579, followed to effect that the plaintiff in error was doing business in the State in which process was served.

*International Harvester Company* v. *Kentucky, ante,* p. 216, followed to the effect that the provision of the anti-trust statute of Kentucky

under which this suit was brought is unconstitutional under the due
process provision of the Fourteenth Amendment.
149 Kentucky, 41, reversed.

THE facts, which involve the sufficiency of service of
process upon a foreign corporation doing business in the
State of Kentucky and also the constitutionality of the
anti-trust act of Kentucky, are stated in the opinion.

*Mr. Alexander Pope Humphrey* and *Mr. Edgar A. Ban-
croft*, with whom *Mr. Victor A. Remy* was on the brief,
for plaintiff in error in this case and in No. 297.[1]

*Mr. Charles Carroll*, with whom *Mr. James Garnett*,
Attorney General of the State of Kentucky, *Mr. Frank E.
Daugherty, Mr. J. R. Mallory, Mr. J. C. Dedman, Mr. C.
R. Hill* and *Mr. C. D. Florence*, were on the brief, for de-
fendant in error in this case and in No. 297.[1]

MR. JUSTICE DAY delivered the opinion of the court.

A penal action was instituted by the defendant in error
against the plaintiff in error in the Boyle Circuit Court
of Kentucky under the anti-trust laws of that State.
Summons having been served upon an alleged agent of
the plaintiff in error, it filed a motion to quash the return
for the reason, as alleged, that the person upon whom
service had been made was not the authorized agent of the
plaintiff in error and that it was not doing business in
Kentucky.   The facts in this case which are identical
with those set out in the previous case, *International Har-
vester Company of America* v. *The Commonwealth of Ken-
tucky*, just decided, *ante*, p. 579, show that the plaintiff in
error had prior to the commencement of this action re-
voked the authority of an agent designated by it in com-

---

[1] For abstracts of arguments see *ante*, p. 579.

pliance with the laws of Kentucky and had removed its office from the State, but that it had continued through its agents, the party served in this case being one of them, to solicit orders to be accepted outside of the State for the sale of machines which were to be delivered in Kentucky, and that its agents were authorized to receive money, checks and drafts in payment therefor, or take the notes of purchasers payable at any bank in Kentucky.

There are two questions in this case. The Court of Appeals, deciding that this case was governed by the previous case from Breckenridge County (147 Kentucky, 655), held that the service was good and that the anti-trust act was not unconstitutional and violative of the Fourteenth Amendment to the United States Constitution. 149 Kentucky, 41. Since the Federal question involving the validity of the anti-trust act was considered and decided adversely in the Court of Appeals, it, as well as the question of due service, is properly before us. *Miedreich* v. *Lauenstein,* 232 U. S. 236, 243, and cases there cited.

As we have just dealt with the sufficiency of service in the previous case, involving the same question, it may be disposed of here by merely referring to that decision. And as the constitutional validity of the anti-trust act was specifically determined in cases Nos. 276, 291 and 292, entitled *International Harvester Company of America* v. *The Commonwealth of Kentucky,* decided June 8, 1914, *ante,* p. 216, that question is also concluded.

We therefore reach the conclusion that the plaintiff in error was doing business in Kentucky and that the service was sufficient, but that the law under which the action was brought is unconstitutional and that the judgment of the Court of Appeals must be reversed, and accordingly remand the case to that court for further proceedings not inconsistent with this opinion.

*Reversed.*