### UNITED AUTOGRAPHIC REGISTER CO. v. EGRY REGISTER CO.

(District Court, N. D. Illinois, E. D. January 8, 1915.)

No. 30989.

1. JUDGMENT ⬡⟿653—ON MOTION TO QUASH—RES JUDICATA.
    In a suit for infringement of a patent, the denial of a motion to quash the summons, because of facts demonstrating that the person, upon whom the summons was served, was defendant's duly authorized agent, was not res judicata as to a plea in abatement, on the ground that no act of infringement had been committed within the jurisdiction of the court, as the fact that defendant had a regular and established place of business and a duly authorized agent in the district was not conclusive that an act of infringement had occurred therein.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1160; Dec. Dig. ⬡⟿653.]

2. PATENTS ⬡⟿288—PATENT INFRINGEMENT—DISTRICT IN WHICH SUIT MUST BE BROUGHT.
    Where, though defendant, having its office and factory in Ohio, had an agent within the Northern district of Illinois, no sale of an alleged infringing article had been made by him, except by taking orders and mailing them to the defendant to accept or reject, a suit for infringement could not be maintained in that district, as there were no sales or acts amounting to contributory infringement within the district.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 460-466; Dec. Dig. ⬡⟿288.]

In Equity. Suit by the United Autographic Register Company against the Egry Register Company. On plea in abatement attacking the jurisdiction of the court. Plea sustained, and bill dismissed.

Frank D. Thomason, of Chicago, Ill., for plaintiff.

H. A. Toulmin, of Dayton, Ohio, and Poole & Cromer, of Chicago Ill., for defendant.

CARPENTER, District Judge. Hearing on plea in abatement attacking the jurisdiction of the court.

Plaintiff is a citizen of Illinois, having its principal office in Chicago. Defendant is a citizen of Ohio, having its office and factory at Dayton.

[1] At an earlier hearing this court denied a motion to quash the summons based on the ground that the person upon whom it was served in the district was not the agent of defendant. The court was then of the opinion facts had been shown demonstrating that Summey, who was served, was the duly authorized agent of the defendant. Now the plaintiff pleads in abatement that it committed no act of infringement within the jurisdiction.

Plaintiff moves to dismiss the plea in abatement on the ground that the ruling on the former motion is res adjudicata. To this I do not agree, because on the former hearing the question of infringement within the district was not before the court; and granting that the defendant had a regular and established place of business in the district and that Summey was its duly authorized agent, it in no wise follows that an act of infringement of the patent in question took place within the jurisdiction of this court.

[2] From the stipulation of facts it appears that while Summey sold a great many things for the defendant company within the Northern District of Illinois, and a great many accessories to their main product, nevertheless no sale has been shown of the patented device, save by the taking of orders and mailing them to the defendant company to accept or reject. Westinghouse v. Stanley Co. (C. C.) 116 Fed. 641, approved in Chadeloid Chemical Co. v. Chicago Wood Finishing Co. (C. C.) 180 Fed. 770.

Inasmuch as the plaintiff's testimony fails to prove infringement within the district, the motion to dismiss the plea in abatement will be denied, and the plea in abatement sustained, and the bill dismissed for want of jurisdiction; and it is so ordered.