# BALTIMORE CITY COURT.

Filed May 1, 1918.

JAMES T. SMITH, EDWARD T. RUGGLES AND CLAUDE R. WHITTAKER, TRADING AS SMITH & RUGGLES,

VS.

THE GOULDS MANUFACTURING COMPANY.

*Allan Cleaveland* for plaintiffs.

*Chas. P. Coady, Raymond S. Williams* and *Herbert Levy* for defendant.

BOND, J.—

This case is finally to be measured by such decisions as those of the International Harvester Co. case, 234 U. S. 589, and Tauza vs. Susquehanna Coal Co., 220 N. Y. 259. None of the states of fact commonly referred to as guides seem to furnish decisive tests for determining in all cases what is and what is not such "doing business" in a foreign state, as will give jurisdiction to the courts of that state. It has frequently been decided that mere solicitation of orders does not constitute such doing of business; yet when that test comes to be applied to varied situations it appears to be inadequate. In the International Harvester Co. case and the Susquehanna Coal Co. case the courts laid stress upon the fact that the company in each instance had set up a system which brought about regular, systematic sales to customers in the foreign jurisdictions and continuous shipments to their state. This was contrasted with cases of casual, occasional transactions in the foreign state. Both companies had their own direct employes soliciting. The International Harvester Company had some collections and settlements made in the foreign jurisdiction, and some banking done there. The Susquehanna Coal Co. had its own office and office force settled in the foreign state.

In the case now at bar the selling company maintains no office of its own in Maryland; and it has none of its own employes here. Its orders from this state are solicited by an independent brokerage firm, regularly retained by a written contract, which sets out in full the course of dealing of the parties to it. Some of the products the brokers may buy for themselves. They solicit orders for other sales on stationery of the seller. They receive as a profit on each sale the difference between a price given to them by the seller and the price they obtain from the customer. According to their contract no orders are to be closed upon here; all are to be submitted for approval or rejection by the seller in New York State. Shipments are made f. o. b. New York, all settlements are made by the buyers directly with New York. The seller's letterheads and descriptive matter put out among possible buyers excludes, in main, any idea that the company may have a branch in Maryland. The name of the seller is, however, placed upon the door of the broker's office. On the question of service upon the brokers, assuming that business is done in Maryland, I have no doubt because of the decision in State vs. Penna. Steel Co., 123 Md. 212. The remaining question is a close one, but pursuing the argument of the International Harvester Co. case, I conclude that the activity here on behalf of the selling corporation, that of soliciting orders, does not come within the category of doing business or exercising its franchises in Maryland.

The motion will be granted for these reasons.