## MANNING v. SCHWEITZER & CONRAD, Inc.

(District Court, W. D. New York. November 5, 1925.)

No. 2782.

Courts ☜274—Defendant corporation held not actually doing business in district at time process was served on its authorized agent.

Where foreign corporation's sales representative carried on his business within the federal district in his own name and at his own expense and corporation kept no bank account, books, or property of any kind, or employees, in district, and its shipments of merchandise were direct to its customers, and there were practically no actual sales in district, it was not doing business in district in sense that service of process on its sales agent conferred jurisdiction, notwithstanding letters and quotation sheets designating him as representative or sales agent, which related solely to solicitations of business.

At Law. Action by Irene Manning, as executrix of the estate of George B. Manning, deceased, against Schweitzer & Conrad, Inc. On motion to quash service of summons and complaint. Motion granted.

Ward, Flynn, Spring & Tillou, of Buffalo, N. Y. (Dana L. Spring, of Buffalo, N. Y., of counsel), for plaintiff.

Desbecker, Fisk & Newcomb, of Buffalo, N. Y. (Walter C. Newcomb, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. The defendant, Schweitzer & Conrad, Inc., is a manufacturer of electrical devices and equipment; its factory and principal place of business being located in Chicago, Ill. It has a sales representative at Buffalo, who carries on his business under the name of J. Leo Scanlon, and who also represents various other manufacturing companies. He has an office, personally bears all the expenses of maintenance, and receives commissions for orders procured by him for defendant and for other companies. He is neither an officer, director, nor stockholder of the defendant, nor has he authority to make binding contracts on its account. No bank account, books, or property of any kind, or employees, are kept or engaged by defendant in this jurisdiction, and its shipments of merchandise are direct to its customers from Chicago. In the affidavit submitted by plaintiff and in the brief it is claimed that Scanlon is managing agent for defendant, which is engaged in doing business at Buffalo. To substantiate this claim, reference is made to copies of letters to prospective customers, printed folders, bulletins, or quo-

tation sheets, upon which there is printed matter stating that Scanlon is district salesman of defendant with offices at Buffalo, or that he is "sales representative," and that prices, dates, and engineering information may be obtained from him; also that in the telephone directory of 1924 appears the name "Schweitzer & Conrad, Inc., Elec. Mach., Ellicott Square" (the office of Scanlon), as subscriber to the telephone; also that defendant advertises in the magazine, Electrical World, the cities wherein it has offices, Buffalo being included.

No appointment of any person under the state statute upon whom process might be served has been made. The letters, printed folders, and quotations lists show but one sales or business transaction. For the most they merely disclose solicitations for orders, quotations of prices, etc., with Scanlon's name printed thereon as the district "representative" of defendant. There is no dispute as to the essential facts appearing in the affidavits, and the main question submitted is whether defendant was engaged in business in this state, and incidentally whether Scanlon, upon whom the summons was served, was agent of defendant in its business at Buffalo.

It was not so engaged, in my opinion, giving effect to the term as it has been defined in the federal courts, and notably in Int. Harvester Co. v. Kentucky, 234 U. S. 589, 34 S. Ct. 947, 58 L. Ed. 1484; Id., 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479. Each case attacking service of process on an agent of a foreign corporation doing business in a federal district other than in the state where it is domiciled rests upon its own particular facts, and the phrase doing business by a foreign corporation to impart jurisdiction concededly yields to flexibility. In restating the rule established by a long line of decisions, the Supreme Court in St. Louis, etc., v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77, said:

"In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served and in which it is bound to appear when a proper agent has been served with process."

See, also, Harvester Co. v. Kentucky, 234 U. S. 589, 34 S. Ct. 947, 58 L. Ed. 1484; Id., 234 U. S. 579, 34 S. Ct. 944. 58 L. Ed. 1479; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710.

If, therefore, the inference is warranted from the facts adduced in this case, that the corporation is carrying on business in a foreign jurisdiction in a noticeable way, and "in such a sense as to manifest its presence within the state," and the summons was served upon an authorized agent, then the corporation is properly found and subject to suit therein. The facts are analogous to the facts in Green v. Chicago, B. & Q. R. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, which was distinguished in the Harvester Case. In that case the railroad company had no tracks within the district, the agent served with process solicited freight and passenger traffic in states other than those wherein its tracks were located. He sold no tickets, received no payment therefor, except that he at times took ticket money on roads connected with the road represented by him and gave orders for transportation on his own road at the connecting point, and the Supreme Court held no business was transacted by the corporation within the state where the process was served, and furthermore that the engagement of the agent consisted of mere solicitation.

In this case Scanlon certainly had no greater power than the agent in the Green Case. Of course, if defendant were extensively engaged in making sales in this jurisdiction through its agent here for an extended time, and continuously sent its merchandise into this district on orders supplied by its sales agent, a different question might arise, but no actual sales excepting parts for Bow connectors (Exhibit 1), or any other particular business transaction is shown to have occurred within this jurisdiction. The letters and quotations, and designation of Scanlon as representative or sales agent mentioned in Mr. Flynn's affidavit and exhibits, in the main, as heretofore pointed out, relate solely to solicitations. I do not think that a fair inference follows from these exhibits that defendant was actually doing business in this jurisdiction at the time process was served, in a sense that its representative could properly be served with process.

The case of Pennsylvania Lumbermen's Insurance Co. v. Meyer, 197 U. S. 407, 25 S. Ct. 483, 49 L. Ed. 810, upon which plaintiff places reliance, is quite different. The case arose in this district in 1904, and was certified to the Supreme Court by the Circuit Court of Appeals on a question of whether proper service of process on defend-

ant was obtained. The facts showed that the agent coming to Rochester had authority to make insurance contracts in the state of New York and to adjust fire losses in this jurisdiction, without specific instructions to him as to the amounts paid. The insurance company, under the terms of the policy, had the right to repair or rebuild the property lost or damaged, and it was evidenced that nearly one-third of its total risks were in this state, and its agents sent by it had general power to pay fire losses and carry out the provision as to rebuilding. The Supreme Court declared that it was plain that the company was doing business within this state, as contemplated by its contract of insurance, and service upon a director residing in the state was good service.

There perhaps would be no great difficulty in deciding that service on Scanlon was a sufficient compliance with the statute to confer jurisdiction, if a continuity of business transactions had transpired. But no substantial part of defendant's business was conducted in this state and within the jurisdiction of this court. I incline to the view that plaintiff's cause of action is not maintainable upon the service of the summons and complaint on Scanlon. See, also, Holzer v. Dodge Bros., 233 N. Y. 216, 135 N. E. 268.

The motion to set aside the service of the summons and complaint is granted.