## HARRIS v. AMERICAN RY. EXPRESS CO.

(Court of Appeals of District of Columbia. Submitted February 3, 1926. Decided April 5, 1926. Petition for Rehearing Denied April 24, 1926.)

### No. 4308.

Carriers ☞130—Commerce ☞80—Express company, doing business in District of Columbia, held suable there for damages to shipment which originated and was completed in distant states, which did not pass through District, nor is inconvenience so occasioned an unlawful burden on interstate commerce (Code, § 1537).

Under Code, § 1537, an express company doing business in the District may be there sued for damages to a shipment which originated and was completed in distant states, and which did not pass through District, nor is the inconvenience so occasioned an unlawful burden on interstate commerce.

In Error to Municipal Court of District of Columbia.

Action by Clinton Harris against the American Railway Express Company. Motion to quash service of summons on defendant was sustained, and plaintiff brings error. Reversed and remanded.

E. L. Hunter, of Washington, D. C., for plaintiff in error.

B. S. Minor, H. P. Gatley, H. B. Rowland, and A. P. Drury, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Clinton Harris brought suit in the municipal court of the District of Columbia against the American Railway Express Company for damages in the sum of $57.50, because of defendant's negligence in the transportation of 10 hampers of beans, which were delivered by plaintiff to defendant at Wabasso, Fla., on November 26, 1924, consigned to Clarence A. Carter, at Detroit, Mich.

Summons was served upon the defendant company as a foreign corporation doing business in the District of Columbia, by copies left with its chief clerk in the District. The company filed a motion to quash the service upon the ground that to require it to submit to this suit in the District of Columbia would unreasonably obstruct and unduly burden interstate commerce, and would deprive the company of due process of law. In support of this motion the company filed a statement verified by its superintendent, to the following effect, to wit:

That defendant is a Delaware corporation, engaged in interstate commerce as a common carrier of freight for hire, having offices in the District of Columbia, also at Wabasso, Fla., Detroit, Mich., and elsewhere throughout the United States. That in the conduct of this business it handles approximately 750,000 shipments per day, the claims for loss, damage, or delay to shipments average 500,000 per year, and the amounts paid by it in the settlement of such claims average in excess of $3,500,000 per year. That the shipment involved in this suit was picked up at Wabasso, Fla., and carried to Jacksonville, Fla., where it was transferred to a car destined to Detroit, and if routed by the shortest distance it was carried through Louisville, Cincinnati, and Toledo, to Detroit. That in order to properly defend this suit the company would require the testimony of its agent at Wabasso, and of one or more employees at Jacksonville and Detroit, and one or more messengers in charge of the trains in which the shipment was transported from the point of origin to its destination. That the shipment did not pass through the District of Columbia, and there are no employees of defendant in the District who were in anyway connected with handling it, and therefore, in order properly to defend this case, defendant would be obliged to withdraw its said agents and employees from their respective duties and transport them to the District of Columbia at great inconvenience and expense, or to take their testimony in the form of depositions upon written interrogatories, which would not enable defendant to meet facts which might be developed at the trial of the case. That there are now pending in the municipal court of the District of Columbia about 110 cases similar to this, all brought by the same attorney, such cases being solicited from nonresidents of the District and involving shipments with points of origin and destination outside of the District. That the practice of soliciting and filing such cases as aforesaid causes defendant unnecessary expense and interruption, and the assumption of jurisdiction in such cases by the courts of the District would result in an unreasonable restraint of and undue burden upon interstate commerce.

The municipal court sustained defendant's motion, and quashed the service of summons in the case. This proceeding is brought to review that order.

We think that the ruling of the municipal court was erroneous. The cause of action sued upon is transitory in character, and under the general rule suit may be brought

upon it wherever the defendant may be found and served with summons. 40 Cyc. 36. The fact that the defendant is a foreign corporation does not affect the court's jurisdiction, where it appears (1) that the corporation is carrying on its business within the jurisdictional district; (2) that such business is transacted or managed by some agent or officer appointed by and representing the corporation in such district; and (3) that a local law exists in such district making such corporation, or foreign corporations generally, amenable to suit there as an implied condition of doing business in the district. United States v. American Bell Tel. Co. (C. C.) 29 F. 17. It is conceded in the instant case that the defendant company, although a foreign corporation, was doing business in the District of Columbia, through officers or agents fully authorized to represent it in the District, and also that summons herein was served upon the company conformably with section 1537, D. C. Code, which provides that such service shall be effectual to bring foreign corporations before the court. Accordingly, if the present case is governed by the general laws relating to venue and service, it must be held that the defendant was properly in court.

The contention of the express company is that the enforcement of the foregoing general rules in this case would impose an unreasonable restraint and burden upon its business as a common carrier engaged in interstate commerce, and would be in violation of the commerce clause of the federal Constitution (article 1, § 8, cl. 3). In support of this contention it is pointed out that the present claimant is not a resident of the District of Columbia; that the shipment in question originated and was completed in distant states; that the suit was begun in the District at the solicitation of a claim agent, as one of a large number of similarly solicited cases; and that such a practice, if permitted, would impose great and unreasonable expense and disadvantage upon the company in the conduct of its interstate business.

We cannot agree with the company's contention, for, if Congress had deemed it proper to limit and prescribe the venue of such actions for the better regulation of interstate commerce, suitable legislation would have been enacted for that purpose. Such legislation might permit such actions to be brought only in the state or district where the shipment originated, or where it terminated, or where the goods were injured while in transit, or where the claimant resides. Other considerations also might apply. But in the absence of legislation upon the subject it would produce confusion and injustice for the courts to assume authority to prescribe such rules.

The argument of the company is based largely upon the doctrine expressed in Davis v. Farmers' Co-operative Co., 43 S. Ct. 556, 262 U. S. 312, 67 L. Ed. 996. In that case the Supreme Court had before it a Minnesota statute, which enacted that any foreign corporation, having an agent in that state for the solicitation of freight or passenger traffic over its lines outside of the state, could be served with summons by delivering a copy thereof to such agent. This statute was held unconstitutional under the commerce clause, as an unreasonable burden upon interstate commerce, since in effect it converted a mere soliciting agent of a foreign carrier into an agent capable of accepting service in actions of every kind brought against the carrier in the state.

The present case differs essentially from the Davis Case, for here the defendant company was present in the District of Columbia, and transacted its business as a carrier in a fixed office, in charge of its fully authorized agents and employees. "True, it has been held time and again that a state cannot burden interstate commerce or pass laws which amount to the regulation of such commerce; but this is a long way from holding that the ordinary process of the courts may not reach corporations carrying on business within the state which is wholly of an interstate commerce character. Such corporations are within the state, receiving the protection of its laws, and may, and often do, have large properties located within the state. * * * We are satisfied that the presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state, although the business transacted may be entirely interstate in its character. In other words, this fact alone does not render the corporation immune from the ordinary process of the courts of the state." International Harvester Co. v. Kentucky, 34 S. Ct. 947, 234 U. S. 589, 58 L. Ed. 1484.

The judgment of the municipal court is therefore reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.