### ENDREZZE v. DORR CO., Inc.
### No. 8736.

Circuit Court of Appeals, Ninth Circuit.
May 23, 1938.

George R. Maury, of Los Angeles, Cal., and J. L. Maury and A. G. Shone, both of Butte, Mont., for appellant.

Lyon & Lyon, Leonard S. Lyon, and Charles G. Lyon, all of Los Angeles, Cal. (William H. Davis and Merton W. Sage,

both of New York City, of counsel), for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appellant sued in the Southern District of California for infringement of letters patent. Appellee appeared specially and moved to quash the writ, service of which had been obtained on one of its employees at Los Angeles. The motion was made on the asserted grounds that appellee, a Delaware corporation, has no regular and established place of business within the Southern District of California and had committed no act of infringement there. The court quashed the writ and dismissed the bill.

The facts are not substantially in dispute. In support of the motion, affidavits of the manager of appellee's local sales office and of its vice-president were presented. These disclose that appellee maintains a sales office at Los Angeles, the personnel of which consists of three sales engineers and two stenographers, each of whom receives a stipulated salary paid by check from the New York City office. The sole business carried on in the southern district of California is the soliciting of orders and furnishing engineering and other information to prospective purchasers concerning the various types of machinery manufactured by appellee. All orders for machinery and equipment originating within the district are sent to the office of the appellee in New York and are subject to approval by an executive officer there. No stock of goods is maintained locally, even as to repair or spare parts. No equipment of any sort is delivered to the local sales office or consigned to it at any job, all equipment being consigned directly to the customer. Billing and correspondence with reference to payments are carried on directly with customers from the New York office, and all payments for machinery and apparatus sold are made directly to the latter office. In nearly all instances equipment sold is of special design, and all drafting and designing work is done at the New York City office. No proposal becomes a binding contract until approved in writing and accepted by an officer of the company in New York. The appellee has not in the district at any time manufactured, sold or used any machine or apparatus claimed to be an infringement of the letters patent in suit.

The situation is governed by section 48 of the Judicial Code, 28 U.S.C.A. § 109, shown on the margin:[1] It is conceded that appellee is not an inhabitant of the southern district of California; and unless it was shown to have committed an act of infringement in that district and that it had a regular and established place of business there, the court was without jurisdiction. The absence of either circumstance is fatal. We are of the opinion that neither was shown to exist.

On the phase of the statute requiring the presence of a regular and established place of business, the appellant relies on International Harvester Co. v. Kentucky, 234 U.S. 589, 34 S.Ct. 947, 58 L.Ed. 1484, and similar cases, involving the question whether a foreign corporation is conducting business within a state in such sense as to make it amenable to the ordinary process of the courts of the state. These authorities, while helpful, are not controlling. This court, in Wilson v. McKinney Mfg. Co., 9 Cir., 59 F.2d 332, 334, said that section 48 "requires something in addition to the conduct of such business, namely, the maintenance of a regular and established place of business." The facts of that case were not substantially different from those now before us, and they were thought insufficient to subject the alleged infringing corporation to the jurisdiction of the local Federal court. The authorities dealing with the subject were there reviewed. See particularly W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808.

---

[1] "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

It is not claimed that appellee manufactured or used the infringing device in the district. There was thus no act of infringement there unless the alleged infringer was shown to have made a sale in the district. W. S. Tyler Co. v. Ludlow-Saylor Wire Co., supra; Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co., C.C., 116 F. 641. In the Ludlow-Saylor Wire Co. Case the sale relied on as constituting the act of infringement involved an order for goods which were thereafter manufactured in Missouri and shipped to the purchaser in New York City, the sale being consummated in Missouri. The defendant was an inhabitant of the latter state. The infringement suit had been brought in the southern district of New York; and it was held that since the sale was not consummated there it did not constitute an infringement of plaintiff's patent in that place. The court cited as authority Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co., supra.

In the latter case the alleged infringer was not an inhabitant of the district in which the infringement suit was brought, but had a regular and established place of business there. To constitute infringement within the district, the court said "there must be proof either of a manufacture, a use, or a sale within the district." There was no claim of manufacture or use, and in making sales the proposals of the purchasers were invariably forwarded for acceptance to another state where the machines were manufactured. It was held that there was no completed act of infringement by sale within the district, and that the court was without jurisdiction. See, also, Colgate & Co. v. Procter & Gamble Mfg. Co., D.C., 25 F.2d 160; Stryker Deflector Co. v. Perrin Mfg. Co., 2 Cir., 256 F. 656; United Autographic Register Co. v. Egry Register Co., D.C., 219 F. 637; Frink Co. v. Erikson, 1 Cir., 20 F.2d 707.

Since appellee made no sales locally but all were consummated elsewhere, there was no act of infringement in the district.

It is argued that in some obscure fashion appellee has subjected itself to local jurisdiction by registering with the State Board of Equalization as a retail dealer under the provisions of the "use tax" act of the State of California, Chapter 361, Statutes and Amendments to the Codes of California, 1935, p. 1297. Because of such registration appellee became personally liable in debt to the state for the payment of use taxes levied upon machinery shipped into the state from outside points. Provision is made in the act for the entry of judgment for amounts unpaid. However, compliance with the state law in these respects has no perceivable relevancy. The jurisdiction of the Federal court depends upon the existence of the facts prescribed in section 48 of the Judicial Code, 28 U.S.C.A. § 109. Heine Chimney Co. v. Rust Engineering Co., 7 Cir., 12 F.2d 596.

In the motion to quash it was stated that the court has no jurisdiction of the subject matter of the suit; also, that appellee has not committed any act of infringement within the district. It is claimed that because of these averments the motion amounted to a general appearance, waiving objections to the jurisdiction. The contention is without merit. The appearance was made expressly for the limited purpose of the motion. The allegation that appellee has not committed an act of infringement within the district was a proper and necessary one if the jurisdictional point was to be made at all. There was no denial of infringement generally. While the court undoubtedly has jurisdiction of the subject matter, a statement to the contrary is not a plea to the merits, nor will it be held to constitute a general appearance in the face of an obviously contrary intention. Wilson v. Beard, 2 Cir., 26 F.2d 860.

It is urged that the court erred in dismissing the suit. As said in Andis v. Schick Dry Shaver, Inc., 7 Cir., 94 F.2d 271, 274, "one should not be required to permit his name to stand as defendant upon the records of a court for an indefinite time without service." Having determined that it was without jurisdiction, the trial court properly ordered a dismissal of its own motion.

Decree affirmed.