GOLDBERGER CONSTRUCTION CORPORATION, Plaintiff, *v.* EDMUND J. RAPPOLI CO., INC., Defendant.*

Supreme Court, Special Term, New York County, July 8, 1938.

* Affd., without opinion, 255 App. Div. 769.

*Rosenberg & Rosenberg*, for the plaintiff.

*Engelman & Rosenberg* [*Milton Rosenberg* of counsel], for the defendant.

SCHMUCK, J. The defendant seeks by this motion to set aside and vacate the service of the summons and complaint on the ground that the court has no jurisdiction over the person of the defendant and that the service was made without the jurisdiction of this court. With each of these contentions the court is in disagreement. The court has jurisdiction over the person of the defendant because it is doing business in this State. According to the authorities defining when a person, natural or legal, is deemed to be doing business so as to be amenable to civil process, the defendant must be considered as so engaged. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Hartstein* v. *Seidenbach's, Inc.*, 129 Misc. 687; *International Harvester Co.* v. *Kentucky*, 234 U. S. 589.) It is the general contractor for the erection of the Cadet Armory at West Point, the material needed for construction is partly purchased in this State, the subcontract between plaintiff and defendant which is the basis of this action was entered into in this State and generally the defendant is so conducting itself that in law it must be considered as doing business in the State.

The contention that the court has no jurisdiction over the territory where the service was made is lacking in conviction. Subdivision 27 of section 22 of the State Law of the State of New York was the means by which certain tracts of land at West Point, Orange county, were ceded to the United States. In doing so a clear reservation of the right to serve process, civil or criminal, except as it might affect the property of the United States, was made. As this action is brought to recover a sum of money and in no wise concerns any property of the United States by means of the reservation contained in sections 22 and 23 of the State Law, this court has jurisdiction of the action and the nature of the action cannot be said to be exclusively within the jurisdiction of the Federal courts. (*Matter of Kernan*, 247 App. Div. 664; affd., 272 N. Y. 560.)

Motion denied. Settle order.