## WADE *v.* METCALF.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 163. Argued January 10, 1889. — Decided January 21, 1889.

Under Rev. Stat. § 4899, a specific patentable machine, constructed with the knowledge and consent of the inventor, before his application for a patent, is set free from the monopoly of the patent in the hands of every one; and therefore, if constructed with the inventor's knowledge and consent, before his application for a patent, by a partnership of which he is a member, may be used by his copartners after the dissolution of the partnership, although the agreement of dissolution provides that nothing therein contained shall operate as an assent to such use, or shall lessen or impair any rights which they may have to such use.

THIS was a bill in equity, filed December 4, 1880, by William W. Wade, a citizen of Massachusetts, against Henry B. Metcalf, a citizen of Rhode Island, and William McCleery, a citizen of Massachusetts, alleging that letters patent, numbered 228,233, granted to the plaintiff June 1, 1880, upon his application filed July 26, 1879, for improvements in machines

for making buttons, had been infringed by the defendants' use of forty-eight machines embodying such improvements. At the hearing upon pleadings and proofs, the case, so far as it is material to be stated, appeared to be as follows :

The parties to this suit, owning earlier patents for improvements in buttons, were in partnership in the business of making and selling buttons, under the name of the Boston Button Company, from January, 1875, until the dissolution of the partnership in October, 1880. By the copartnership agreement, certain salaries were to be paid to the plaintiff for improving and developing the machinery, to the defendant Metcalf for assistance in financial matters, and to the defendant McCleery for general superintendence; and the profits of the business were to belong one half to Metcalf and one fourth each to the plaintiff and McCleery. The forty-eight machines, with the improvements in question, were constructed by the partnership, with the knowledge and consent of the plaintiff, before the application for the patent sued on, and were used by the partnership during its continuance, and by the defendants after its dissolution. The partnership was dissolved October 30, 1880, by an agreement in writing executed by the three partners, the terms of which were as follows :

"First. It is agreed that the firm composed of said Metcalf, McCleery and Wade, and doing business under the style of the Boston Button Company, shall be this day dissolved.

"Second. The said William W. Wade, in consideration of the payment to him of the sum of twelve thousand dollars by the said Metcalf and McCleery, receipt of which is hereby acknowledged, hereby sells and conveys to the said Metcalf and McCleery all his interest in the property and assets of every name and nature of said firm of the Boston Button Company, together with the good will of the same, with authority to use his name if necessary in the premises, saving him harmless from all cost in the same.

"And whereas certain machines, forty-eight in number, with a certain improvement thereon, manufactured by said firm, have been and are now in use by said firm, and the same Metcalf and McCleery claim the right as members of said

firm, by virtue of the manufacture and use by said firm of said machines with said improvements, to continue such use, and the said Wade reserves the right to deny such claim:

" Therefore nothing in this sale and conveyance shall operate as an assent on the part of said Wade to the right to use said improvements upon said machines, or as granting any rights for such use, other than said Metcalf and McCleery now have, whatever they may be; and nothing in this reservation shall be construed to lessen or impair any rights which the said Metcalf and McCleery may have to such use.

" It being further understood that each party shall have the right to manufacture and use machines under patents for improvements in buttons, one dated March 23, 1869, and numbered 88,099, and one dated April 27, 1869, and numbered 89,450; but neither party shall vend to others the right to use or manufacture under said patents without mutual consent, except as the same may be necessary in the reorganization or liquidation of their own business.

" The said Metcalf and McCleery hereby assume the payment of the debts of said Boston Button Company, and agree to indemnify and save harmless the said Wade therefrom."

The Circuit Court dismissed the bill. 16 Fed. Rep. 130. The plaintiff appealed to this court.

*Mr. George F. Betts* for appellant.

*Mr. Edward W Hutchins* (with whom was *Mr. Henry Wheeler* on the brief) for appellees.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The decision of this case turns upon § 4899 of the Revised Statutes, by which it is enacted that " every person who purchases of the inventor or discoverer, or with his knowledge and consent constructs any newly invented or discovered machine or other patentable article, prior to the application by the inventor or discoverer for a patent; or who sells or uses one so constructed, shall have the right to use and vend to

others to be used the specific thing so made or purchased, without liability therefor."

This section clearly defines four classes of persons who shall have the right to use, and to vend to others to be used, a specific patentable machine:

First. Every person " who purchases of the inventor" the machine before his application for a patent.

Second. Every person who " with his knowledge and consent constructs" the machine before the application.

Third. Every person " who sells" a machine " so constructed," that is to say, which has been constructed with the knowledge and consent of the inventor by another person.

Fourth. Every person who " uses one so constructed," that is to say, constructed with the inventor's knowledge and consent by another person.

In order to entitle a person of any of these four classes to use and vend the machine, under this section, the machine must originally have been either purchased from the inventor, or else constructed with his knowledge and consent, before his application for a patent; and it may well be that a fraudulent or surreptitious purchase or construction is insufficient. *Kendall* v. *Winsor*, 21 How. 322; *Andrews* v. *Hovey*, 124 U. S. 694, 708.

But after a machine has been constructed by any person with the inventor's knowledge and consent before the application for a patent, every other person who either sells or uses that machine is within the protection of the section, and needs no new consent or permission of the inventor.

If the first two clauses of the section, taken by themselves, leave the matter in any doubt, the succeeding clause, including every person " who sells or uses one so constructed," makes it perfectly clear that the implied license conferred by the section sets the specific machine free from the monopoly of the patent in the hands of any person, just as if that person were the lawful assignee of one holding the machine under a purchase or an express and unrestricted license from the inventor. *McClurg* v. *Kingsland*, 1 How. 202; *Bloomer* v. *McQueman*, 14 How. 539, 549; *Bloomer* v. *Millinger*, 1 Wall. 340; *Adams* v. *Burke*, 17 Wall. 453; *Birdsell* v. *Shaliol*, 112 U. S. 485, 487.

In the case at bar, the machines of the plaintiff's invention were not purchased from him by the defendants. But they were constructed with his knowledge and consent by a partnership of which he and the defendants were the members. It was strongly argued for the defendants, that a sale or a license from the inventor to two or more partners or tenants in common confers upon each a right to use and to sell the subject of the sale or license, and that the defendants, therefore, come within the second class of persons defined in the statute. But it is unnecessary to determine whether that is so or not, because, if it is not, the defendants clearly come within the fourth class, being persons who use machines which have been constructed with the knowledge and consent of the inventor before his application for a patent.

The peculiar provisions of the agreement by which the partnership between the plaintiff and the defendants was dissolved did not, in terms or in legal effect, enlarge or diminish the rights of either party, independently of that agreement, in the machines in question.

*Decree affirmed.*