## RICHMOND SCREW ANCHOR CO. v. BETHLEHEM STEEL BRIDGE CORPORATION.

### (District Court, E. D. Pennsylvania. September 14, 1921.)

### No. 2349.

Patents ☞301(4)—Preliminary injunction against infringement denied.

    A preliminary injunction against infringement of a patent denied where defendant admitted the validity of the patent and complainant's ownership, and that it had used the patented invention, but disclaimed intention of further using it, and alleged that its use was by consent of the then owner of the patent, leaving only the question of complainant's right to recover damages to be litigated.

In Equity. Suit by the Richmond Screw Anchor Company against the Bethlehem Steel Bridge Corporation. On motion for preliminary injunction. Denied.

O. Ellery Edwards, of New York City, and Francis Rawle, of Philadelphia, Pa., for plaintiff.

Fraley & Paul, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This is a patent case, but (for the purposes of the present ruling) no question of patent rights or their infringement is involved. The cause is in form a proceeding in equity, and the sole question is the right of the plaintiff to ad interim protection in anticipation of a final determination of the cause in its favor. No patent right is involved because the plaintiff's ownership of letters patent and their validity is admitted. No question of infringement is presented because the defendant confesses to have used the very invention which the letters patent protect. The averments of the bill and the facts presented by the supporting affidavits make out a clear prima facie right to the remedy invoked. Why, then, should not the pending motion be allowed? Every cause worth the expense and trouble of litigation has two sides. One is the practical injury sustained; the other the legal remedy afforded. The law has granted to this plaintiff a monopoly which it must protect, but which it can protect only by a preventive injunction against infringement or by awarding damages for infringement committed. The subject-matter of the invention and the only actual use which can be made of it are such that the real value in the ownership of the invention is in the lawful power thereby conferred to exact the payment of a royalty from users. This preliminary statement clears the way for the presentation of the defense. The bill prays relief in the form of a final injunction and an award of damages. The right to either is denied. The bill also prays

for the allowance of an injunction pending the final determination of the cause. This in a sense is to award execution before the entry of judgment. It is never done merely in anticipation of a final ruling favorable to the complainant, although it is never done without it. The real basis of the award is to preserve the situation, and through this the rights of all litigants until the rival claims can be adjudged. The defense now offered is twofold. It is first that the use now asked to be enjoined is one to which the then owner of the patent not only consented, but one which he invited. The legal consequence is that the use did him no wrong, and the present plaintiff has succeeded only to his rights. The fact upon which this defense is based, it is true, is in dispute, but we cannot allow the pending motion without determining this feature of the merits of the cause in advance of the hearing to which every litigant has a right. The line drawn between the allowance and refusal of preliminary injunctions is somewhat like that drawn between summary and plenary proceedings in bankruptcy. There must be something more than mere color in the defensive right set up, but its fact merits will not be prejudiced if a question of right fairly arises. We have had the benefit in this case of a very clear and helpful argument in support of each side of it. Counsel for plaintiff have presented a chart of the adjudged cases based upon an analysis of the facts of each and for comparison a like analysis of the facts of the instant case. Over 90 per cent. of the latter are in hot controversy. No more clarifying method of presenting the point now made could be devised. The other ground of denial of the present motion is that the act asked to be enjoined has been done. The question thus becomes one of cui bono. An answer which suggests itself to this question is that as the property right of the plaintiff and infringement are for the purposes of the present motion admitted these admitted rights would be denied by the flat refusal of an injunction, and that in consequence the writ should be allowed to be superseded by the defendant giving bond to pay any damages which may be awarded. If the refusal of an injunction now clouded the prima facie title of the plaintiff to a monopoly in the use of this invention, there would be much practical force in this suggestion. The ground upon which the refusal is urged, however, confirms the title of the plaintiff because it is an admission of all that plaintiff claims limited only by the averment that the use of the invention had been granted to this particular defendant on this special and sole occasion. To require the defendant to now give bond is under the circumstances nothing less than to require a defendant in a damage suit to give security for damages the plaintiff's right to which is disputed. The power of the court to make such an order is not denied, nor that there might be in some cases good occasion for its exercise. No real occasion to so order now appears. Inasmuch as the indicated refusal of the injunction is based upon the disclaimer of the defendant of all purpose or intent to make any future use of plaintiff's invention without the consent of the owner, the refusal should be coupled with leave to the plaintiff to renew the motion. The conclusion reached we think to be in accord with the adjudged cases to which we have been referred, among which are Mc-

Clurg v. Kingsland, 42 U. S. (1 How.) 202, 11 L. Ed. 102; Hapgood v. Hewitt, 119 U. S. 226, 7 Sup. Ct. 193, 30 L. Ed. 369; Lane v. Locke, 150 U. S. 198, 14 Sup. Ct. 78, 37 L. Ed. 1049; Gill v. U. S., 160 U. S. 426, 16 Sup. Ct. 322, 40 L. Ed. 480; McKinnon v. American (D. C.) 259 Fed. 873; Id. (C. C. A.) 268 Fed. 353; Wilson v. American, 187 Fed. 840, 109 C. C. A. 600; Standard v. Arrott, 135 Fed. 750, 68 C. C. A. 388; City of Boston v. Allen, 91 Fed. 248, 33 C. C. A. 485; Blauvelt v. Interior, 80 Fed. 906, 26 C. C. A. 243; Withington v. Kinney, 68 Fed. 500, 15 C. C. A. 531; Solomons v. United States, 137 U. S. 342, 11 Sup. Ct. 88, 34 L. Ed. 667; Wade v. Metcalf, 129 U. S. 202, 9 Sup. Ct. 271, 32 L. Ed. 661; McAleer v. U. S., 150 U. S. 424, 14 Sup. Ct. 160, 37 L. Ed. 1130; Dalzell v. Mauf Co., 149 U. S. 315, 13 Sup. Ct. 886, 37 L. Ed. 749; Keyes v. Mining Co., 158 U. S. 150, 15 Sup. Ct. 772, 39 L. Ed. 929.

The motion for the allowance of a writ of preliminary injunction is denied with leave to plaintiff to renew the motion at any time.