## PATENT TUBE CORPORATION v. BRISTOL–MYERS CO.

District Court, S. D. New York.
Dec. 6, 1938.

Armand E. Lackenbach, of New York City, for plaintiff.

Merrell E. Clark, of New York City (John Vaughn Groner, of New York City, of counsel), for Bristol-Myers Co.

MANDELBAUM, District Judge.

The defendant, appearing specially, moves to dismiss the complaint on the ground that this court lacks jurisdiction to entertain the suit. This is a patent infringement suit. Before this court can assume jurisdiction, it is incumbent upon the plaintiff to show: (1) That the defendant has a regular and established place of business in this district, and (2) that the defendant has committed acts of infringement within the district as provided by statute. The first element is undisputed so that the court must decide whether the defendant has committed acts of infringement within the District.

A patentee under the statute has three distinct and independent patent rights, namely, the right to make, the right to use, and the right to sell. Daimler Mfg. Co. v. Conklin, 2 Cir., 170 F. 70, 27 L.R.A., N.S., 534. The manufacture and sale of the patented article are not involved on this motion. The complaint here is that the defendant *used* the patented article within the meaning and intent of the patent statutes.

The defendant admits having sent some containers allegedly containing the patented device through the mails from New Jersey to several physicians and dentists within the Southern District of New York. It also admits that some of its salesmen may have carried some of the containers in this District in their pockets and have distributed them to physicians and dentists. This, it is claimed, is done solely as an advertisement feature of its business and was not distributed for sale or any other monetary compensation.

The defendant takes the position that these instances are merely *nominal uses* of the patented device, whereas the statute contemplates a *substantial use* before the court will entertain jurisdiction of a patent suit.

While no authorities have been submitted directly in point, nor has the court independently been able to discover any, the court is of the belief that it should entertain jurisdiction. The distribution of the patented device only for advertising purposes and without actual monetary compensation therefor, in my opinion, creates no exception to the general rule that use of the patented device is forbidden. To hold so would be permitting the doing of something indirectly which is forbidden to be done directly. It is common knowledge that advertisement is an important medium for the obtaining of business. Therefore, what appears to be an innocuous use of a patented device becomes at some point a substantial source of business.

The defendant cites, in support of its theory of nominal use, the case of Hoegger v. F. H. Lawson & Co., D.C., 35 F.2d 219. There was a case which involved the sale of a single shop-worn sample, and Judge Caffey of this court held it insufficient to establish an act of infringement. The defendant argues that since an actual sale was held insufficient, a fortiori, the nominal use without sale of the sample is not an act of infringement. I believe, however, that that case is no authority for the proposition presently before the court. It is to be borne in mind that in the Hoegger Case, supra, the sale of the single shop-worn sample was urged as a supplemental fact to show that the defendant had a regular and established place of business within this District. This is not what the court is called upon to decide on this motion. The defendant concedes that it has a regularly established place of business within this jurisdiction. The issue is *use*. I am swayed by the reasoning of Judge Patterson, in the case of Scott & Williams, Inc. v. Hemphill Co., D.C., 1931, 14 F.Supp. 621. There, the court held that the opera-

tion of a knitting machine within the district as a demonstration to convince buyers of its merit, and as a way of making sample stockings to send out to the trade constitutes acts of infringement within the statute, giving this court jurisdiction. I feel that the Scott & Williams Case is closely analagous to the one at bar. I also feel that the defendant has no cause for complaint by reason of the fact that another infringement suit is now pending in New Jersey against the manufacturer of the patented device. While it is true that were this action instituted in New Jersey, a multiplicity of suits might be avoided through consolidation of actions, yet the plaintiff is within its right to bring this action wherever it may legally institute same providing that it does not use this right as an instrument of oppression. Cutler-Hammer Mfg. Co. v. Curtis & Carhart, 2 Cir., 296 F. 117. I find no instance of such oppression in this case.

The motion is accordingly denied.