## TRANSMIRRA PRODUCTS CORP. et al. v. MAGNAVOX CO., Limited.

United States District Court, S. D. New York.

Feb. 27, 1953.

Aronstein & Aronstein, New York City, for plaintiff.

Gallop, Climenko & Gould, New York City, for defendant.

EDELSTEIN, District Judge.

Defendant moves to quash the return of summons and for dismissal on the ground that the court lacks jurisdiction over the person of the defendant, and in the alternative moves for a transfer of the action to the Northern District of Indiana on the ground that venue has been improperly laid in this district. The complaint alleges a cause of action for patent infringement.

The defendant, a corporation organized under the laws of the State of Delaware, is engaged in the manufacture and sale of electronic equipment and maintains its home office at Fort Wayne, Indiana. It also leases an office in New York City, paying the rent from Fort Wayne. The company keeps no stock of its products at its New York office or at any other place in this district. The local office is headquarters for a divisional sales manager, four salesmen, two field service engineers, a secretary, a stenographer and an expediter. The duties of the field service engineers are principally to teach dealers' service men how to service defendant's product. The duties of the expediter are to follow up on the purchase of materials from other manufacturers whenever any delays occur in delivery to the company outside of this district. The salesmen solicit orders which are accepted at the home office in Indiana, and the products delivered in this district go to dealers for the purpose of resale. All collections are made by the company directly from its Fort Wayne office.

On two occasions, one before and one after the commencement of this action, the defendant participated in trade shows of the National Association of Music Merchants, in this district. The instruments displayed were shipped directly from an Indiana warehouse to the New York City hotel where the shows were held, and upon completion of the shows, were returned there. The display of the instruments was supervised by members of the advertising department of the company, not attached to the New York City office, who came here specifically for that purpose, and the exhibits were manned by representatives of the company's sales department.

The first issue presented is whether the activities of the defendant foreign corporation conducted within the State constitute "doing business" so as to render it amenable to process. The standard for the resolution of this issue is laid down in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and it is the systematic and regular nature of the activities as distinguished from sporadic, casual or irregular. Clearly the standard has been met; unquestionably there has been a sufficient showing of a systematic, regular and continuous course of business activity here on behalf of the defendant. See Allegue v. Gulf & South American S. S. Co., D. C., 103 F.Supp. 34; and see French v. Gibbs Corp., 2 Cir., 189 F.2d 787, 789. "* * * continuous activities, be they as little as one will, satisfy the necessity of that physical 'presence'

on which ·jurisdiction depends in a jurisprudence, territorially limited."

The second issue is one of venue. I take it as settled by Cardox Corp. v. C-O-Two Fire Equipment Co., 344 U.S. 861 [1], 73 S.Ct. 102, that § 1391(c) of Title 28 U.S.Code, has no application to § 1400(b). Therefore, venue is properly laid in this district only if it is the district where defendant has a regular and established place of business and has committed acts of infringement. 28 U.S.C. § 1400(b).

■ Its place of business in this district is one, certainly, where business is carried on regularly and not intermittently or for isolated transactions, and the office is permanently established. The place of business is the headquarters for the carrying on of such activities as made the defendant sufficiently "present" for jurisdictional purposes and I am of the opinion that such a place of business meets the statutory venue requirement. When a foreign corporation carries on such business affairs in this district as have been described, "it cannot interpose its extra-territorial corporate citizenship as a shield. In return for obtaining profitable business, it must stand legally accountable in [this] district." Federal Electric Products Co. v. Frank Adam Electric Co., D.C., 100 F. Supp. 8, 11.

■ The display by the defendant of its product in a trade show is a sufficient use to support a claim of infringing acts.[2] Since the product was "manned" by defendant's employees, and the display supervised by its advertising department, the inference is inescapable that there was a substantial use of the product in this district designed to increase the sales and profits of the defendant's business. Patent Tube Corporation v. Bristol-Meyers Co., D.C., 25 F.Supp. 776.

Accordingly, the defendant's motions will be denied.

1. In which the Supreme Court, in a per curiam decision, affirmed by an equally divided court the decision of C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F. 2d 410.
2. The complaint was prepared prior to the Supreme Court's Cardox decision, and

it contains no allegation of any infringing acts. But the facts which have been stipulated serve to evidence such acts and the complaint may be appropriately amended. Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.