**UNION ASBESTOS & RUBBER COMPANY, by change of name Unarco Industries, Inc., Plaintiff-Appellant,**

v.

**EVANS PRODUCTS COMPANY, Defendant-Appellee.**

**No. 14279.**

United States Court of Appeals Seventh Circuit.

March 4, 1964.

Edwin S. Booth and Norman Lettvin, Chicago, Ill., Bair, Freeman & Molinare, Chicago, Ill., of counsel, for appellant.

Patrick Hume, Chicago, Ill., Robert L. Boynton, Detroit, Mich., Byron, Hume, Groen & Clement and Granger Cook, Jr., Chicago, Ill., Arthur W. Dickey, Cyrus G. Minkler, Harness, Dickey & Pierce, Detroit, Mich., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff's appeal from the district court's dismissal of its patent infringement suit for improper venue raises the question: Whether defendant's activities, in the Northern District of Illinois, Eastern Division, amounted to "acts of infringement" of plaintiff's patent.[1] We disagree with the district court's negative answer to the question.

Since defendant concedes that it has a regular and established place of business within the district, venue will lie if defendant, a non-resident of the district, has infringed plaintiff's patent by selling or using the accused device within the district.[2]

The complaint alleges defendant's infringement by "making and selling" the accused "lading separating devices" covered by plaintiff's patent.[3] Defendant's motion to dismiss asserted that it had committed no act of infringement "within this district" and that venue was accordingly improper.

Orders for the accused device were solicited in the district as part of a continual sales effort, and literature describing the device was distributed in the district to promote sales, but orders were immediately forwarded to defendant's home office in Michigan for approval. There is no evidence in the record of any sales or deliveries made in the district.[4] On one occasion Veague, defendant's Chicago sales manager, took representatives of the Santa Fe Railroad and the Jewel Tea Company, prospective *customers,* to a Southern Pacific freight car, located within the district, which was equipped with the accused device. There he demonstrated the operation of the device, with the car both loaded and empty.

Plaintiff contends that these demonstrations by Veague for the purpose of making a sale constituted an infringing "use" and therefore satisfied the venue statute.[5] It also urges the "broader proposition" that defendant's systematic and continuous solicitation of orders for the accused device from a regular and established place of business in the district, in and of itself, is sufficient to sat-

---

1. Venue in patent infringement suits is governed solely by 28 U.S.C. § 1400(b), Fourco Glass Co. v. Transmirra Prod. Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L. Ed.2d 786 (1957). Venue is conferred on any district " * * * where the defendant has committed acts of infringement and has a regular and established place of business."

   Infringement is defined by § 271(a) of the Patent Act: " * * * whoever without authority makes, uses or sells any patented invention, within the United States * * * infringes the patent." 66 Stat. 811 (1952), 35 U.S.C. § 271(a) (1954).

2. Plaintiff concedes that defendant does not "make" the accused device within the district.

3. United States Letters Patent No. 3,-017,843, issued January 23, 1962, entitled "Lading Separating Means."

4. After judgment the district court denied plaintiff's motion under Rule 75(h), Fed. R.Civ.P., to add a number of "papers" to the record which would have shown delivery of the accused device to a customer within the district. We must act upon the record as it was at the time the court ruled, and cannot consider these "papers" in determining whether the court's ruling was erroneous. Dempsey v. Guaranty Trust Co., 131 F.2d 103, 104–05 (7th Cir. 1942), cert. denied, 318 U.S. 769, 63 S.Ct. 761, 87 L.Ed. 1139 (1943).

5. See, e. g., Transmirra Prod. Corp. v. Magnavox Co., 110 F.Supp. 676, 678 (S.D.N.Y.1953), where the court held the venue requirement was satisfied because the "use of the product in this district [was] designed to increase the sales * * *."

isfy the venue requirement. We think the true rule in the case at bar is that the systematic and continuous solicitation plus the two demonstrations is sufficient to establish venue on the basis of plaintiff's allegation of selling.

A mistaken reliance on the decision of the Supreme Court in W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915), seems to have led courts into believing that there is a necessity for holding that demonstrations for the purpose of sale constitute infringing "use" for venue purposes, rather than considering the demonstrations as part of a sales effort. For example, the district courts have found infringing "use" sufficient for venue in Transmirra Prod. Corp. v. Magnavox Co., 110 F.Supp. 676 (S.D.N.Y.1953), where defendant displayed its products in two trade shows; in Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., 104 F.Supp. 716 (S.D.N.Y.1952), where the defendant supplied the accused cigarette lighters to its salesmen for exhibition and demonstration to customers; and in Patent Tube Corp. v. Bristol-Myers Co., 25 F.Supp. 776 (S.D.N.Y.1938), where defendant's salesmen distributed some of the accused devices to physicians and dentists within the district for advertising purposes. But in those cases, as here, it appears that the infringement complained of was defendant's manufacture or sale of the accused device.[6]

This has resulted in a rather strained interpretation of infringing "use."

In the case at bar plaintiff charges "selling" and presumably will offer proof of "sale" at trial and not proof of "use." The demonstrations are proper proof of "sale" and not proof of "use"

because in them the accused article was not used for the purpose for which it was intended. Its intended use was to divide loads in freight cars, not for demonstration to intended customers. We believe it is illogical to lay venue on "use" where proof is to be of a "sale" and we prefer not to nourish that procedure.

In W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915), the Court, relying on Westinghouse Elec. & Mfg. Co. v. Stanley Elec. Mfg. Co., 116 F. 641 (C.C.S.D. N.Y.1902), said that if the sale was consummated outside the forum it did not constitute an infringement within the district where the suit was brought. However, in Tyler the first and decisive holding was that defendant did not have a regular and established place of business within the district. Therefore what was said about the consummation of a sale outside the district not amounting to an act of infringement within the district was dicta.[7] Westinghouse did hold as the Supreme Court said it did, but there Judge Lacombe's opinion cited no authority for his holding. The necessity of finding a "completed sale" to support venue had its genesis in Judge Lacombe's opinion:

> "But when the commission of an act of infringement is essential to jurisdiction, the completed act must be proved. There must be proof either of a manufacture, a use, or a sale within the district, contracts to manufacture, threats to use, negotiations for a sale, will not be sufficient, for the reason that the statute requires proof of the completed act." 116 F. at 641.

The necessity for a "completed sale" or a "completed act of infringement" had

---

6. In Transmirra Prod. Corp. v. Magnavox Co., 110 F.Supp. 676, 678 (S.D.N.Y. 1953), the court noted that although the complaint contained no allegation of infringing acts, it could be appropriately amended. Rule 15, Fed.R.Civ.P.

7. We say this although in Shelton v. Schwartz, 131 F.2d 805, 809 (7th Cir. 1942), this court found W. S. Tyler Co.

v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915), "distinguishable" because in Tyler "the sufficiency of the service was not the basis of the decision. * * * Affirmance was on the ground that no infringement in the district wherein suit was begun, occurred. * * * The brief statement dealing with the character of the place of business was obiter."

the apparent approval of the Second Circuit in Bulldog Elec. Prod. Co. v. Cole Elec. Prod. Co., 134 F.2d 545 (2d Cir. 1943), pet. for mandamus denied, 322 U.S. 714, 64 S.Ct. 1256, 88 L.Ed. 1556 (1944), and the Ninth Circuit in Endrezze v. Dorr Co., 97 F.2d 46 (9th Cir. 1938). But in each of those cases Tyler and Westinghouse are cited to dicta. The Fourth Circuit in Dow Chemical Co. v. Metlon Corp., 281 F.2d 292 (4th Cir. 1960), did hold, as its decisive rule of law, that a "completed act" is necessary, and that the conduct in that case did not amount to a "completed act."

■ We do not think the dicta in Tyler, Bulldog, and Endrezze compels us to decide that a completed sale was necessary for a finding of venue. The "completed sale" notion derived from the formulation of a rule, without authority cited, by a single judge of the old circuit court of the Southern District of New York. We think the Fourth Circuit's reliance on that rule weakens its decision in Dow Chemical that a "completed act" of infringement is necessary to establish venue; and that we are not impelled to decide that a "completed sale," in the case before us, is necessary for venue purposes.

The Second Circuit, despite its earlier apparent approval of Judge Lacombe's rule, noted in Kaz Mfg. Co. v. Chesebrough-Ponds, Inc., 317 F.2d 679 (2d Cir. 1963), that there is a distinct difference between the "degree of use required" to determine whether an act of infringement occurred in the district when venue is challenged than when establishing a substantive offense. The test is less strict when venue is challenged, for otherwise a disposition of the venue question would also be one on the merits wherever venue was sustained. Ronson Art Metal Works, Inc., v. Brown & Bigelow, Inc., 104 F.Supp. 716, 725 (S.D.N.Y. 1952).

■ We think the test is likewise less strict in determining, for venue purposes, whether defendant's acts of selling amounted to a "sale." Technically the sales solicited by defendant were not completed within this district, Minnesota Mining & Mfg. Co. v. International Plastic Corp., 159 F.2d 554 (7th Cir. 1947), but we have already concluded that a "completed sale" is not necessary. This court in Shelton v. Schwartz, 131 F.2d 805, 808 (7th Cir. 1942), said that the term "a regular and established place of business" in § 1400(b) should not "be narrowed or limited in its construction." The same should be said of "acts of infringement," the other element of venue in § 1400(b). Therefore, the technicalities of sales law should not control whether defendant's degree of conduct within the district was sufficient to constitute "acts of infringement" for venue purposes.[8] The degree of selling in the case before us is a sufficient impairment of plaintiff's "right to exclude others from making, using, or selling" its invention[9] so as to constitute an act of infringement within the district for venue purposes.

■ We hold that the two demonstrations of the accused device, added to the systematic and continuous solicitation of orders within the district, constitute, for venue purposes, a sufficient degree of selling to amount to "infringing sales."

We do not reach plaintiff's "broader proposition" that mere solicitation as part of a systematic and continuous sales effort is sufficient for venue purposes. We need not discuss, therefore, James P. Marsh Corp. v. United States Gauge Co., 129 F.2d 161 (7th Cir. 1942), and Shelton v. Schwartz, 131 F.2d 805 (7th Cir. 1942).

■ Finally, defendant contends that service of process was insufficient since it was made on Veague's secretary at defendant's Chicago office. Since Veague was out of the office 75 to 80 per cent

8. See Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., 104 F.Supp. 716, 725 (S.D.N.Y.1952).

9. 66 Stat. 804 (1952), 35 U.S.C. § 154 (1954).

·of the time, and since notice of the summons was communicated immediately, at Veague's direction, to defendant at its home office, the service was sufficient.[10]

The judgment is reversed and the cause remanded for further proceeding ·consistent with this opinion.

---

10. Rules 4(d) (3) and 4(d) (7), Fed.R. Civ.P.; 28 U.S.C. § 1694; Millard v.

Castle Baking Co., 23 Ill.App.2d 51, 161 N.E.2d 483 (1959).