Aprisma v. System                          CV-02-591-M    03/12/03
                        UNITED STATES DISTRICT COURT

                         DISTRICT OF NEW HAMPSHIRE


Aprisma Management
Technologies, Inc.,
        Plaintiff

        v.                                      Civil No. 02-591-M
                                                Opinion No. 2003 DNH 036
System Management Arts, Inc.,
        Defendant


                              **O R D E R**


        Defendant in this patent infringement suit, System

Management Arts, Inc. ("SMA"), moves to dismiss plaintiff's

complaint, alleging that the court lacks personal jurisdiction

over it.  See Fed. R. Civ. P. 12(b)(2).  In the alternative, it

seeks an order transferring the case to the Southern District of

New York.  See 28 U.S.C. § 1404(a).  Plaintiff objects.


        The standard of review applicable to 12(b)(2) motions to

dismiss (as well as motions to change venue) in the context of a

patent suit is well known and need not be repeated.  See

generally R & J Tool v. Manchester Tool, No. CV-99-242-M, 2000

DNH 097 (D.N.H. April 21, 2000).  It is sufficient to note that,

in the absence of an evidentiary hearing, plaintiff need only

make a prima facie showing that jurisdiction exists.  See Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986).  It has succeeded.

Among other things, SMA acknowledges that: (1) it contracted with a New Hampshire marketing firm which provides SMA with inside sales (e.g., telemarketing) and marketing initiatives; (2) it employed three New Hampshire residents, two of whom work at least two days of the week from their home offices, in New Hampshire; and (3) in June of 2002, SMA demonstrated its products for a company located in Portsmouth, New Hampshire.  See Affidavit of Michelle Ciccone, Exhibit 1 to plaintiff's motion.  Plainly, then, SMA employs workers who reside in and work from this district and, through its agent (the marketing company), SMA conducts sales-related activity in this district.  And, whether the product demonstration is viewed as a "use" of an allegedly infringing product, see, e.g., Patent Tube Corp. v. Bristol-Myers Co., 25 F. Supp. 776 (S.D.N.Y. 1938), or as the "sale" of an allegedly infringing product, see Union Asbestos & Rubber Co. v. Evans Products Co., 328 F.2d 949 (7th Cir. 1964), it is sufficient conduct within this district, when combined with the

2

other factors listed above, to warrant the exercise of personal jurisdiction over SMA.

As to SMA's motion to transfer this case to the United States District Court for the Southern District of New York, while the case certainly could have been brought in that forum, the equities, on balance, do not counsel in favor of transfer. See generally, Environamics v. Master Pump, CV-96-476-M (D.N.H. January 08, 1997).

Defendant's motion to dismiss or, in the alternative, to transfer (document no. 5) is, therefore, denied. Of course, the court's ruling is without prejudice to SMA's right to again challenge the exercise of personal jurisdiction, once the record has been more fully developed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 12, 2003

cc:   George R. Moore, Esq.
      Paul J. Hayes, Esq.
      Garry R. Lane, Esq.
      Leslie B. Zacks. Esq.
      J. Michael Martinez de Andino, Esq.