WESTINGHOUSE ELECTRIC & MFG. CO. v. STANLEY ELECTRIC
MFG. CO. et al.

(Circuit Court, S. D. New York.    June 4, 1902.)

**1. COURT—JURISDICTION—INFRINGEMENT OF PATENT—NONRESIDENT DEFEND-
ANT—ACTS OF INFRINGEMENT.**

Under the act of March 3, 1897, providing that in suits brought for
infringement of patent the circuit court shall have jurisdiction in the
district of which defendant is an inhabitant, or in any district in which
defendant shall have committed acts of infringement and have a regular
and established place of business, in an action brought in the Southern
district of New York against a New Jersey corporation which has a
regular and established place of business in such district, proof that
representatives of defendant, who had no power to bind it to terms of
sale, solicited proposals for machines manufactured by it in another
state, which proposals were invariably forwarded to the factory, where
the sales were completed and delivery made, does not show completed
acts of infringement in such district, so as to give such court jurisdic-
tion to issue an injunction against defendant.

**2. SAME—EMPLOYE—INJUNCTION.**

Where a defendant in an action for infringement of a patent is a resi-
dent of the district in which the action is brought, and a salaried em-
ployé of the foreign corporation which manufactures and sells the in-
fringing machines, and over which corporation the court has not juris-
diction, he being engaged in soliciting and forwarding proposals for such
machines to the factory in another state, but with no power to approve
or complete a sale, the court has jurisdiction of him, but should not
grant a preliminary injunction against him, as such injunction would
not put a stop to the acts of his employer.

Motion for Preliminary Injunction.

Kerr, Page & Cooper and Frederic H. Betts, for complainant.

Wm. H. Kenyon and Thomas B. Reed, for defendant.

LACOMBE, Circuit Judge. The act of March 3, 1897, provides
that in suits brought for infringement of patent the circuit courts
shall have jurisdiction in the district of which defendant is an in-
habitant, or in any district in which the defendant shall have commit-
ted acts of infringement, and have a regular and established place of
business. The defendant company is a New Jersey corporation, there-
fore it is not an inhabitant of the Southern district of New York. It
has a regular and established place of business here, but, in order to
maintain its right to the relief prayed for from this court, complain-
ant must show clearly the commission by defendant company of acts
of infringement here. Where the defendant is an inhabitant of the
district, and thus within the jurisdiction, it is sometimes sufficient to
show threats of infringement, or a state of facts from which it is to be
clearly inferred that unless a preliminary injunction is granted infringe-
ment will be committed. But when the commission of an act of in-
fringement is essential to jurisdiction, the completed act must be
proved. There must be proof either of a manufacture, a use, or a
sale within the district, contracts to manufacture, threats to use, nego-
tiations for a sale, will not be sufficient, for the reason that the statute
requires proof of the completed act. There is no pretense of infringe-
ment in this district by any manufacture or use, and the testimony falls

short of proving an actual sale here. Representatives of the defendant company have entered into negotiations in this city for sales of the machines which it manufactures at Pittsfield, Mass., but none of these representatives have had power to bind complainant to terms of sale. The purchasers' proposals have invariably been forwarded to Pittsfield, and there accepted by defendant and delivery made. The completed act of alleged infringement by sale is therefore not committed in the Southern district of New York, and this court is consequently, upon the proof as it stands, without jurisdiction to issue an injunction against the defendant corporation.

With regard to defendant Barr the situation is different. He is an inhabitant of this district, therefore the court has jurisdiction of him wherever he may commit infringement. From the affidavits it would seem that, in the negotiations as to the two specific sales which are testified to, Barr himself bore no part. That circumstance is not of much moment. The proofs would fairly warrant the conclusion that he is threatening to participate in effecting similar sales. But whatever he has done, he has done not on his own behalf, but as a salaried employé of defendant company, and he is not the one of those employés whose final approval effects a sale. Injunctions have been issued by this court against an employé of a principal who could not be found, where there was no doubt that his own acts effected an infringement, as where he individually sold and delivered goods to a customer, having authority from his principal to pass the title and possession to the purchaser, but it is doubtful whether in a case like this separate injunctive relief should be granted against the employé. Certainly preliminary injunction under such circumstances would be no protection to the complainant; it would not put any stop to existing conditions, for Barr could be transferred to some other duty, and a different employé assigned to negotiate sales.

Inasmuch as the court has no jurisdiction of the alleged infringing company, the motion is denied. The questions raised as to construction of the patent, infringement, and estoppel have therefore not been examined.