WELDING ENGINEERS, Inc., Plaintiff,

v.

ÆTNA–STANDARD ENGINEERING
CO., Inc., Defendant.

Civ. A. No. 17051.

United States District Court
W. D. Pennsylvania.

Nov. 14, 1958.

Julian Miller, Brown, Critchlow, Fleck & Peckham Pittsburgh, Pa., Henry N. Paul, Jr., Austin R. Miller, Paul & Paul, Philadelphia Pa., for plaintiff.

Walter J. Blenko, Blenko, Hoopes, Leonard & Glenn, Pittsburgh, Pa., William C. Sessions, Bosworth, Sessions, Herrstrom & Knowles, Cleveland, Ohio, for defendant.

MARSH, District Judge.

█ This is an action for alleged infringement by defendant of certain Letters Patent issued to and owned by plaintiff. Plaintiff is a Delaware corporation, and defendant is an Ohio corporation. Defendant has filed a motion under Rule 12, Fed.R.Civ.P., 28 U.S.C.A., for dismissal of the action for lack of venue. Jurisdiction is not attacked. See 28 U.S.C.A. § 1338.

Plaintiff lays venue in the Western District of Pennsylvania under the provisions of 28 U.S.C.A. § 1400(b), and in its complaint alleges that the acts of infringement were committed within this district, where defendant admittedly has a regular and established place of business.[1] Defendant's motion to dismiss is founded on its allegation that none of the alleged acts of infringement were committed within this district. It is clear that venue does not lie in this judicial district unless acts of infringement were committed within this district. Fourco Glass Co. v. Transmirra Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed. 2d 786.

Plaintiff's claim is based upon the sale to Dow Chemical Company of two extruders manufactured by defendant, which devices allegedly infringe the patents of plaintiff. The complaint sets forth in paragraphs 6, 7 and 8 three distinct grounds of infringement, which grounds are consonant with the language of 35 U.S.C.A. § 271(a), (b) and (c), respectively.[2] The pertinent facts are undisputed and are contained within the depositions forming a part of this record as supplemented by the stipulation of counsel, answers to interrogatories, and statement of facts filed subsequent to the argument.

In order to pass upon defendant's motion, we think it necessary to treat paragraphs 6, 7 and 8 of the complaint separately.

Paragraph 6 of the complaint alleges that defendant has infringed plaintiff's patents by "* * * making, selling and using within this District and elsewhere within the United States, appa-

---

1. § 1400(b) provides:
   "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

2. § 271 provides as follows:
   "(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.

   "(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

   "(c) Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a stable article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

ratus covered by said Letters Patent * * * ." The undisputed facts indicate that the two accused devices were manufactured wholly in Warren, Ohio, and that they were never physically present or used within this district. The contract of sale was negotiated with Dow by Hale and Kullgren, Inc. as sales agent for defendant. This contract was acknowledged and accepted by Hale and Kullgren in Ohio.[3] The defendant's officers in Pennsylvania controlled its production policies and had the power to veto all sales; they approved for credit Dow's purchase order for the machines; and received payment from Dow in Pennsylvania.

In Bulldog Electric Products Co. v. Cole Elec. Products Co., 2 Cir., 1943, 134 F.2d 545, it was held that the place of the sale of future goods, as distinguished from contracts and acts leading up to and following the sale, is controlling with respect to venue. Hence, it is our opinion that if the sale of the accused devices was consummated in Ohio, no act of infringement took place in the Western District of Pennsylvania and venue does not lie here. See also, Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co., C.C.S.D.N.Y.1902, 116 F. 641.

Under both Pennsylvania and Ohio law, it seems clear that the sale of the accused devices was consummated in Ohio and not in the Western District of Pennsylvania.

Under Pennsylvania law, the Uniform Commercial Code determines the place of the sale. It defines a sale as follows:

"* * * A 'sale' consists in the passing of title from the seller to the buyer for a price * * *." 12A Purdon's Pa.Stat.Ann. § 2-106(1).

The Code further provides:

"Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical de-livery of the goods * * *." 12A Purdon's Pa.Stat.Ann. § 2-401(2).

One additional provision of the Code bears mention, namely, 12A Purdon's Pa.Stat.Ann. § 2-308 which provides:

"Unless otherwise agreed (a) the place for delivery of goods is the seller's place of business or if he has none his residence * * *."

The undisputed facts are that the accused devices were manufactured at defendant's plant in Warren, Ohio, and shipped from there to Dow at Midland, Michigan, f. o. b. Warren, Ohio. Under these facts and the applicable law of Pennsylvania, it is clear that the sale occurred when the machines were put in the hands of the carrier in Warren, Ohio, for shipment to Dow.

In Ohio the Uniform Sales Law determines the place of sale. Page's Ohio Revised Code Ann. § 1315.02(B) provides:

"A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price."

As to the transfer of the property in a sale of future goods such as the one here under consideration, the following language appears:

"When there is a contract to sell unascertained goods, no property in the goods is transferred to the buyer until the goods are ascertained * * *." Page's Ohio Revised Code Ann. § 1315.18.

It follows that under Ohio law no sale was consummated until the manufacture of the devices was completed at defendant's Warren, Ohio, plant.

Plaintiff contends that the commercial definitions of sales are inapplicable where the issue is one of venue in a patent infringement case. In support of this contention plaintiff relies upon Latini v. R. M. Dubin Corporation, D.C. N.D.Ill.E.D.1950, 90 F.Supp. 212, and Federal Electric Products Co. v. Frank Adam Electric Co., D.C.S.D.N.Y.1951,

---

3. See stipulation filed September 9, 1958.

100 F.Supp. 8, neither of which, in the opinion of the court, is authority for plaintiff's contention. It appeared in both of these cases that the accused devices were physically present within the district where defendants maintained a regular and established place of business and where suit was brought. In Latini, the machine was on display and the transaction was one of present sale, within the commercial meaning of that term. In Federal Electric the Court clearly held that if sales of the devices could be established at a regular and established place of business in the district, venue was proper.

In the instant case no sale took place in this judicial district, and we have found no authority for the proposition that the term "sells" as used in § 271(a) means anything other than what is ordinarily contemplated by the term sale. Hence, it is our conclusion that there has been no act of infringement as defined by that subsection within the Western District of Pennsylvania.

Paragraph 7 of the complaint alleges that "defendant has * * * been and still is actively inducing infringement of said Letters Patent. * * *" This allegation if supported by the facts would make defendant liable as an infringer under § 271(b).

Plaintiff points to the fact that defendant has published and distributed some 20,000 copies of its annual report containing pictures and descriptions of the allegedly infringing extruders, thereby soliciting purchasers. Plaintiff contends that advertising the infringing devices in this district constitutes an act of infringement and sustains venue here. It relies upon three decisions to support this contention. The first of these is Ferguson v. Ford Motor Co., D.C.S.D. N.Y.1948, 77 F.Supp. 425, wherein defendants displayed the devices and carried on an extensive promotional campaign within the district. That decision does not, however, hold that such promotional activity constituted an act of infringement. In denying defendants' motion to dismiss, it was stated at page 435:

> "While such activity might not alone amount to infringement * *, there is a more convincing circumstance alleged to have occurred within this district, involving all defendants, from which infringement may reasonably be inferred."

The Court had reference to an allegation that the infringing devices required "field conversion". This "required work on the part of the defendants within this district" upon the infringing devices. Obviously, the Court found that defendants, by work upon, display, and promotion, used the devices in the district where suit was brought. Ferguson is clearly distinguishable from the case at bar where it is not even claimed that the extruders were physically present, displayed or worked upon at any place within this district. The other cases cited by plaintiff are Ronson Art Metal Works v. Brown & Bigelow, Inc., D.C. S.D.N.Y.1952, 104 F.Supp. 716, and Transmirra Products Corp. v. Magnavox Co., D.C.S.D.N.Y.1953, 110 F.Supp. 676, both of which clearly ground venue upon uses of infringing devices within the district, and not upon inducement of infringement by solicitation of orders. No case found by us or called to our attention supports the proposition that advertising and solicitation of orders alone constitutes an act of infringement.

Moreover, the alleged infringing devices are the two extruders sold to Dow in Ohio and there is no claim that the annual reports induced Dow's purchase. On the contrary, it appears that the extruders were sold to Dow before the report was published.[4] Neither is there any claim that the annual reports induced sales of any infringing devices other than the two sold to Dow.[5]

Plaintiff further urges that defendant's executive officers induced in-

---

4. Transcript, pp. 59, 60.

5. See plaintiff's answers to defendant's in-terrogatories under Rule 33, Fed.Rules Civ.Proc.—filed September 25, 1958.

**150**

fringement by business decisions made within this district which caused the manufacture and sale of the two extruders to Dow in Warren, Ohio. This proposition is a novel one and, we think, untenable.

■ Subsection 271(b), which imposes liability upon one who actively induces infringement, relates to the subject "referred to as contributory infringement". See Commentary on the New Patent Act, pp. 51–53, Title 35 U.S.C.A.

Contributory infringement is the intentional aiding *of one person by another* in the unlawful making or selling or using of a patented invention; and a contributory (inducing) infringer *is a person who induces, aids, or contributes to wrongful acts of another* which constitute infringement of a patent. 69 C.J.S. Patents § 305, p. 882; Chas. H. Lilly Co. v. I. F. Laucks, Inc., 9 Cir., 1933, 68 F.2d 175; American Telephone & Tel. Co. v. Radio Audion Co., D.C.Del.1922, 281 F. 200, affirmed 3 Cir., 1922, 284 F. 1020.

The defendant's executive officers have not been made parties to this action, only the defendant corporation has been sued. The allegation that an infringement has been induced presupposes that an act of infringement has been committed. According to the undisputed facts, the acts of infringement which defendant's officers are alleged to have induced were the manufacture and sale by defendant of the two accused extruders. These acts were committed by defendant's employees and sales agent in another district. In regard to the sale all that the defendant's officers did in this district was to approve Dow for credit and refrain from vetoing the sale

to Dow. On all the facts we do not think it can be found that defendant corporation induced another to infringe the patent when the acts of alleged infringement were actually committed by the corporation itself acting through its own employees and sales agent. If defendant is liable, it is as a direct infringer, not as a contributory or inducing infringer.

With regard to venue, we have not been referred to any decision which holds that a corporation which has committed acts of infringement has also induced itself to commit those acts. Hence, it is our opinion that no inducement to infringe the patent within the purview of § 271(b) has been shown to have occurred in this district.

Plaintiff's final allegation is that "defendant has * * * been and still is contributorily infringing said Letters Patent * * * *by selling within this District* * * * *apparatus* which is intended for use in practicing the inventions covered by said Letters Patent, knowing the same to be especially made or especially adapted for use in an infringement of said Letters Patent. * * * *"* (Emphasis supplied.) [6] This allegation is not supported by the facts. As held above, the sale of the devices involved, which devices are the only "apparatus" in this case, occurred in Ohio. Further, it is not contended that any component or material parts were made by defendant in this district for incorporation in the devices manufactured in Ohio.

An appropriate order will be entered granting defendant's motion to dismiss for improper venue.

6. Complaint, ¶ 8.