THE DOW CHEMICAL COMPANY,
Appellant,

v.

METLON CORPORATION, and Hayden
C. Cobb, Jr., Appellees.

No. 8067.

United States Court of Appeals
Fourth Circuit.

Argued April 27, 1960.

Decided July 7, 1960.

Albert L. Ely, Jr., Cleveland, Ohio (Hunter M. Jones, Charlotte, N. C., on the brief), for appellant.

Abe Siegel, New York City (E. McArthur Currie, Charlotte, N. C., and Leon, Weill & Mahony, New York City, on the brief), for appellees.

Before SOPER, HAMLEY * and BOREMAN, Circuit Judges.

BOREMAN, Circuit Judge.

This action was instituted in the United States District Court for the Western District of North Carolina, Charlotte Division, by The Dow Chemical Company, a Delaware corporation with principal offices in Michigan and a division office in Charlotte, North Carolina, seeking in-

* Sitting by designation of the Chief Justice.

junctive relief and damages for infringement of two patents owned by it, namely, No. 2,714,569 [issued to Karl E. Prindle and George H. Lacy—hereinafter referred to as the "Prindle" patent], and No. 2,772,994 [issued to George H. Lacy, hereinafter called the "Lacy" patent].

The plaintiff alleges that the defendant, Metlon Corporation, is a New York corporation with its principal office and place of business in New York City, which has maintained a regular and established place of business in Charlotte but more recently at Mooresville, both in the Western District of North Carolina; that defendant Hayden C. Cobb, Jr., an agent of Metlon Corporation, is a resident of Mooresville and, as such agent, has been and is selling or offering for sale infringing yarns. The complaint further alleges that defendant sold certain yarns which (a) infringed only the Prindle patent; (b) infringed only the Lacy patent; and (c) simultaneously infringed both. Process was served February 25, 1959, on Cobb, individually and as agent for Metlon. Subsequently, on March 31, 1959, Dow Chemical attempted service upon Metlon through the Secretary of State of North Carolina under N.C.Gen.Stat. § 55–146 (1952).

Before answering, both defendants moved to dismiss the complaint for lack of jurisdiction and venue and for insufficient service. Following discovery limited to the preliminary issues thus raised, the District Court, after a hearing and in an oral opinion, granted Metlon's motion to dismiss the cause of action based upon Metlon's alleged infringement of the Prindle patent, and overruled the motions to dismiss the remaining causes of action. This appeal, prosecuted pursuant to the provisions of 28 U.S.C. § 1292 (a) (1), involves only the dismissal of the single cause of action against Metlon. In its conclusions of law the court said:

"(4) That the venue as to the defendant Metlon Corporation is dependent upon the commission of acts of infringement by said corporation within the District and upon having a regular established place of business within the District; that the plaintiff has failed to show the commission of any act or acts of infringement with respect to the cause of action set out in the complaint relating to yarns covered by the Prindle Patent, No. 2,714,569 * * *."

The District Court properly determined that venue as to Metlon was dependent upon the commission of acts of infringement of the Prindle patent within the District and upon having a regular and established place of business within the District. It is now well settled that 28 U.S.C. § 1400(b) [1] "is *the sole and exclusive provision controlling venue in patent infringement actions,* and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." Fourco Glass Co. v. Transmirra Prods. Corp., 1957, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786. (Emphasis supplied.)

The early case of Westinghouse Elec. & Mfg. Co. v. Stanley Elec. Mfg. Co., C. C.S.D.N.Y.1902, 116 F. 641, adopted the rule that when the commission of an act of infringement is essential to jurisdiction, the *completed act* must be proved. The court there defined a completed act of infringement as follows: "There must be proof either of a manufacture, a use, or a sale within the district,[;] contracts to manufacture, threats to use, negotiations for a sale, will not be sufficient for the reason that the statute requires proof of the completed act." The view expressed in the Westinghouse case has been widely accepted. See W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 1915, 236 U.S. 723, 725, 35 S.Ct. 458, 59 L.Ed. 808; Bulldog Elec. Prods. Co. v. Cole Elec. Prods. Co., 2 Cir., 1943, 134 F.2d 545, 547; Endrezze v. Dorr Co., 9 Cir., 1938, 97 F.2d 46, 48; Colgate & Co.

---

1. 28 U.S.C. § 1400

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

v. Procter & Gamble Mfg. Co., D.C.E.D. N.Y.1928, 25 F.2d 160, 164; Welding Engineers, Inc. v. Aetna-Standard Engineering Co., D.C.W.D.Pa.1958, 169 F. Supp. 146, 148; and cases cited in 28 U.S.C.A. § 1400, notes 64, 65.

Dow Chemical readily admits it has no proof of either manufacture or sale within the district of yarns infringing the Prindle patent. However, it contends that under the doctrine of Ronson Art Metal Works v. Brown & Bigelow, Inc., D.C.S.D.N.Y.1952, 104 F.Supp. 716, a "use" of the infringing yarn is proven. It urges that in the instant case it has shown a demonstration of the infringing yarn within the district, and that under the Ronson case where the "use" of specimens for demonstration to prospective customers constitutes the complete "use" which a manufacturer (as contrasted with his customer) would normally make of a patented product, such "use" is an act of infringement for venue and jurisdictional purposes. Without commenting upon the reasoning of the Ronson case, we must reject Dow Chemical's contention since we are unable to find any affirmative evidence of a demonstration of the infringing yarn. In the deposition of one Inderfurth, a former sales representative of Metlon, the following questions were asked and the following answers were given:

"Q. Did Metlon Corporation furnish you with any samples of the yarns which you would show to customers? A. Yes, sir.

"Q. Did you have any samples of the Metlon V yarn? [This is the yarn allegedly infringing the Prindle patent.] A. Yes, sir.

"Q. Did you demonstrate any of those to the customers? A. Not to my knowledge, I did not.

"Q. You did not? A. No, sir.

"Q. Did any of your employees or Mr. Cobb, so far as you know? A. I can't answer that question. I don't know."

This is the only evidence touching upon alleged demonstration and it clearly does not support Dow Chemical's position. Moreover, we cannot accept its alternative contention that the Ronson case squarely holds that concerted and active threatening of infringement by a defendant having a regular and established place of business in the district establishes venue even though no proof of a completed act of infringement is shown. The Ronson case clearly held that a completed act of infringement, a "use," was shown by the evidence of demonstration and exhibition of the infringing lighters to customers.

Dow Chemical cites our own decision in Matthews v. Allen, 4 Cir., 1950, 182 F.2d 824, 828, and authorities noted therein, to support its contention that not only completed acts but also threatened acts of infringement may be enjoined if the opportunity and intent to infringe are present. While the court found it unnecessary to pass upon the point there raised, we observe that in Matthews, contrary to the fact here, the court had already acquired jurisdiction over the defendant for *completed* acts of infringement.

In an effort to sustain venue as to Metlon (involving alleged infringement of the Prindle patent), Dow Chemical presents three additional contentions which we consider separately.

It is first contended that "Metlon by its proven sale of yarns infringing the Lacy patent in the District of the Court below, has submitted to the venue of that Court and has further invoked the jurisdiction of the Court in seeking, under the affirmative defense pleaded against the Lacy patent, a declaration of invalidity of that patent in both the Metlon and Cobb answers"; that, therefore, venue having been established for some phases of the complaint, it is established for all. Metlon seeks to refute this contention by saying that its answer was not served until after the entry of the dismissal order which is the subject of this appeal.

■■ Dow Chemical correctly states the rule that once a party invokes the jurisdiction of the federal court and submits to it, he may not claim that he was present only for the limited objectives of his answer and counterclaim. Having taken these steps, "He [is] present, so to speak, for all phases of the suit." Freeman v. Bee Mach. Co., 1943, 319 U. S. 448, 454, 63 S.Ct. 1146, 1149, 87 L. Ed. 1509. However, the recognition and statement of the rule does not provide the answer to the question here to be determined. In the Freeman case, Bee Machine Company brought an action at law against Freeman in Massachusetts for breach of contract. Freeman was personally served when he happened to be in Boston and, by appearing specially, caused the action to be removed to the Federal District Court. After such removal, he entered a general appearance in which he answered, interposed several defenses, filed a counterclaim and then moved for summary judgment. Before the motion was heard, Bee Machine moved to amend its declaration by adding a request for treble damages under Section 4 of the Clayton Act, 15 U.S.C. A. § 15. The District Court, 41 F.Supp. 461, granted Freeman's motion for summary judgment but Bee Machine's motion to amend was denied on the theory that the court had no jurisdiction to allow the amendment. The Circuit Court of Appeals, First Circuit, 131 F.2d 190, approved the action of the District Court in granting motion for summary judgment but disagreed with its denial of the motion to amend. The Supreme Court affirmed. The Freeman case is easily distinguishable from the case at bar since in Freeman there was clearly a general appearance which constituted a waiver of lack of venue, whereas, in the instant case, Metlon entered a special appearance for the sole purpose of raising the question of venue. Only after the court's order in which all motions, except the motion challenging venue as to Metlon with regard to the Prindle patent, were overruled did Metlon proceed to file its answer to the remaining causes of action. In its answer Metlon was careful to point out that nothing therein contained was to be construed "as in any way admitting, denying, referring to or in any way dealing with" the Prindle patent.

In Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 4 Cir., 1929, 35 F.2d 433, 438, Judge Parker, in speaking of 28 U. S.C.A. § 109, the section upon which present 28 U.S.C.A. § 1400(b) is based, said: " * * * Its effect is to confer a privilege personal to the defendant, which he may waive. He waives it if he does not, prior to entering a general appearance in the action, take objection in the proper form to the jurisdiction of the court over him. * * * " The court held that the defendant had entered a general appearance by filing a motion to dismiss for failure to allege a cause of action and thus subjected himself to the jurisdiction of the court. However, in Prudential Ins. Co. of America v. McKee, 4 Cir., 1936, 81 F.2d 508, 510, this court again applied the principles enunciated in the Gulf Smokeless Coal Co. case and determined that if a defendant "seasonably" interposes his objection to venue, he does not waive his special appearance even though defensively he denies the allegations of the complaint. " * * * the right to specially appear in the federal court is substantial, and * * * where no affirmative relief is asked, and the intention to appear specially is plain, inaptness or even incoherency in making this point clear will not constitute a waiver." 81 F.2d 508, at page 511, supra. Metlon did all within its power to protect its special appearance to raise the venue question. The filing of its answer, after the court had ruled on the subject of its special appearance, does not constitute waiver.

■ Dow Chemical's next contention rises from the fact that on December 8, 1959, some six days subsequent to the District Court's dismissal of the cause of action against Metlon for alleged infringement of the Prindle patent, Metlon instituted a declaratory judgment action in the United States District Court for

the Southern District of New York seeking a declaration of invalidity and noninfringement of the Prindle patent. Dow Chemical urges that the subject matter of the New York action should have been asserted in the case at bar as a "compulsory counterclaim" under Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C.,[2] that this court should direct Metlon to dismiss its New York action and amend its answer below to incorporate its claim of invalidity and noninfringement or, in the alternative and for failure to file its compulsory counterclaim, direct the court below to enter judgment of validity of the Prindle patent and infringement thereof by Metlon.

If Metlon's claim of invalidity and noninfringement of the Prindle patent is a compulsory counterclaim, under Rule 13(a) it must be asserted and, if not so asserted, it is waived. Parker Rust Proof Co. v. Detrex Corp., D.C.E.D. Mich.1953, 14 F.R.D. 173, 174; General Cas. Co. of America v. Fedoff, D.C.S.D. N.Y.1951, 11 F.R.D. 177, 179; Pennsylvania R. Co. v. Musante-Phillips, Inc., D.C.N.D.Cal.1941, 42 F.Supp. 340, 341; Hancock Oil Co. v. Universal Oil Prods. Co., 9 Cir., 1940, 115 F.2d 45, 47. However, we conclude that the subject matter of Metlon's New York declaratory judgment action is not a compulsory counterclaim required under the rule to be pleaded in the case at bar.

A good definition of a compulsory counterclaim is found in West Coast Tanneries, Ltd. v. Anglo-American Hides Co., D.C.S.D.N.Y.1957, 20 F.R.D. 166, 168, as follows: "A compulsory counterclaim is any claim that a defendant has against a plaintiff which 'arises out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim.' * * * " From this definition it is ob-

vious that there must be in existence a cause of action by the plaintiff to which the compulsory counterclaim could be filed. This requisite is not met in the instant case since Dow Chemical's cause of action against Metlon involving the Prindle patent had been dismissed before Metlon filed its answer to the other causes of action stated in the complaint. We find nothing in Rule 13(a) and we are cited to no authority which would compel a defendant to waive venue and set up a counterclaim.

■■ The third contention of Dow Chemical is that Metlon has assumed the defense of the defendant, Cobb, and, by so doing, has deliberately waived any right to challenge venue and is collaterally estopped from contesting the validity and infringement of the Prindle patent other than in the action commenced below. In support of this contention, Dow Chemical urges as controlling the principle stated in Souffront v. La Campagnie des Sucreries, 1910, 217 U.S. 475, 487, 30 S.Ct. 608, 54 L.Ed. 846, to the effect that one who defends or assists in defending a suit in the name of another to protect his own right or in aid of some interest of his own, and who does this openly to the knowledge of the opposing party, is as much bound by the judgment as he would be if he had been a party to the record. That the principle of Souffront cannot be extended to satisfy venue requirements and to make one defending an action in the name of another a party to the record is settled in Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 4 Cir., 1929, 35 F.2d 433, 438. There an action for patent infringement was instituted against Coal Company and the defense of such action was assumed by Roberts & Schaefer Company. During hearing of the case an order was entered making Roberts & Schaefer Com-

2. Rule 13 of Federal Rules of Civil Procedure

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject

matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

pany a party defendant, whereupon this Company filed a motion asking that it be dismissed from the suit for the reason, among others, that the plaintiff's complaint contained no material and proper averments against it. One question raised on appeal was whether the court acquired jurisdiction over Roberts & Schaefer Company and this court held that the District Court had acquired jurisdiction since Roberts & Schaefer Company's motion to dismiss went to the merits of the case and thus constituted a general appearance and a waiver of venue. However, this court observed that the mere fact "that one has assumed and is conducting the defense of a patent infringement suit in behalf of the defendant does not justify his being made a party defendant in derogation of this statute." The statute to which reference was there made was 28 U.S.C. § 109, now § 1400(b). See also Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc., 2 Cir., 1941, 116 F.2d 845–846; S. S. Kresge Co. v. Winget Kickernick Co., 8 Cir., 1938, 96 F.2d 978, 989. Therefore, we reject Dow Chemical's contention that Metlon has waived venue by assuming the defense of Cobb.

Finally, even though it has not appealed from the denial of the motions to dismiss the causes of action alleging infringement of the Lacy patent, Metlon contends that such denial by the District Court was based upon findings and determinations which were so clearly erroneous as a matter of law that they should be reviewed by this court.

■■ Only where the record on an appeal prosecuted pursuant to the provisions of 28 U.S.C. § 1292(a) (1) discloses clear and insuperable objection to maintaining the complaint will the appellate court review orders from which no appeal is taken and dismiss the complaint. Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 287, 61 S.Ct. 229, 85 L.Ed. 189; Zwack v. Kraus Bros. & Co., 2 Cir., 1956, 237 F.2d 255, 261; Riverbank Laboratories v. Hardwood Prods. Corp., 7 Cir., 1955, 220 F.2d 465, 466. We have examined the record and, find-

ing no such "clear and insuperable objection," limit our review to the order which is the subject of this appeal.

The order of the District Court dismissing Dow Chemical's cause of action against Metlon for alleged infringement of the Prindle patent is

Affirmed.