**KALVAR CORPORATION**

v.

**MEMOREX CORPORATION.**

Civ. A. No. 73–1638.

United States District Court,
E. D. Louisiana.

April 30, 1974.

Harry McCall, Jr., Chaffe, McCall,
Phillips, Burke, Toler & Sarpy, New
Orleans, La., for plaintiff.

Charles Kohlmeyer, Jr., Lemle, Kel-
leher, Kohlmeyer & Matthews, New Or-
leans, La., for defendant.

## MEMORANDUM OPINION AND ORDER

BOYLE, District Judge.

Kalvar Corporation has filed suit against Memorex Corporation alleging infringement of two Kalvar patents. Patent Number 3,149,971 involves a manufacturing process for photographic films (process patent) and Patent Number 3,653,902 involves a photographic film product (film patent). Defendant Memorex has moved this court to dismiss this action on the ground that venue is not proper in the Eastern District of Louisiana. In the alternative, the defendant moves for transfer of this suit to the Northern District of California at San Francisco pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406. After hearing oral argument we took the matter under submission. After consideration of the pleadings, oral argument and memoranda of the parties and affidavits filed in the matter, we deny the defendant's motion to dismiss the film patent claim and grant the defendant's motion to dismiss the process patent claim.

In patent infringement cases, special venue provisions are found in 28 U.S.C. § 1400(b) as follows:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. June 25, 1948, c. 646, 62 Stat. 936."

These provisions afford the exclusive basis for venue in patent infringement cases. Fourco Glass Company v. Transmirra Products Corporation, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). There is no contention that venue is based on the fact that Memorex resides in the Eastern District of Louisiana. Hence to sustain venue the defendant must have committed acts of infringement and have a regular and established place of business in this district. The defendant has admitted in its answer that it has a regular and established place of business at 1070 St. Charles Avenue, New Orleans, Louisiana, which is located in the Eastern District. We need only turn our attention to the issue of whether the defendant has committed acts of infringement in this district.

Defendant has submitted the affidavit of its employee, David Fukagawa, custodian of all Memorex records relating to all shipments of vesicular film made by Memorex. This affidavit shows that three shipments of film were made to New Orleans after the grant of plaintiff's film patent. Two of the shipments, one of a single roll of film to the plaintiff and another, also of one roll, to Associated Ideas International, otherwise unidentified in the record, involved no charge for the film. The third shipment was of 20 rolls of film to the plaintiff. A charge of $15.30 per roll was made by Memorex and paid by plaintiff. The shipment, prepaid, was apparently made from Memorex' place of business in California, but the order was placed by telephone by Tallon, plaintiff's employee, with a Lee Hayman at Memorex' place of business in New Orleans and subsequently confirmed by written purchase order, dated March 13, 1973, forwarded to defendant for the attention of Hayman.[1] Fukagawa's affidavit shows the shipment filling the order was made on March 19, 1973. The film was received by plaintiff in New Orleans on March 27, 1973.

The defendant also submitted the affidavit of its Area Manager, Ray S. Cook. Mr. Cook states that he has his office in Memorex' place of business at 1070 St. Charles Avenue in New Orleans, the same address to which Tallon says he telephoned the order to Hayman for 20 rolls of film and to which he directed the confirming written purchase order. Cook claimed that he was familiar with Memorex products sold through the New

---

1. See affidavit of James Tallon and Exhibit A thereto. It is to be noted that Kalvar did not attempt to conceal its identity in placing the order.

Orleans office and that since January 1, 1972 no vesicular film had been sold in the office and that had there been any sales or deliveries of such film made through a Louisiana source they would have been handled through the New Orleans office under his jurisdiction. It is noted that Cook does not discuss orders received in his office which may be transmitted to California for filling. The defendant has offered no proof that Hayman, with whom Tallon placed plaintiff's order, was not its employee. From Cook's claim that he was familiar with sales of Memorex products sold through the New Orleans office, we infer that sales are regularly made through his office.

That an order was placed with the New Orleans office of Memorex, that the order was filled, that Memorex sold the film to plaintiff and that plaintiff received delivery of the film in New Orleans are facts established in the record, Cook's affidavit notwithstanding.

Our task is to determine whether the sale by Memorex was one which may be held to be an act of infringement committed in this District. Citing Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., 104 F.Supp. 716, 725 (S.D.N.Y. 1952) the Second Circuit Court of Appeals, in Kaz Mfg. Co., Inc. v. Chesebrough-Ponds, Inc., 317 F.2d 679, at p. 681 (1963), said "there is a distinct difference between the degree of use requisite to satisfy a jurisdictional inquiry, and that needed to establish substantial infringement; else, all jurisdictional inquiries would be decisions on the merits." *See also* Watsco, Inc. v. Henry Valve Company, 232 F.Supp. 38 (S.D. N.Y.1964); Union Asbestos & Rubber Co. v. Evans Products Co., 328 F.2d 949, 952 (7th Cir. 1964). In *Union Asbestos*, supra, the Seventh Circuit further said "We think the test is likewise less strict in determining, for venue purposes, whether defendant's act of selling amounted to a 'sale'" and went on to declare that ". . . the technicalities of sales law should not control whether defendant's degree of conduct within the district was sufficient to constitute 'acts of infringement' for venue purposes."

Judge Edelstein in *Watsco*, supra, points out that the liberal test appears to be chipping away at the completed act doctrine requiring that the sale be completed and consummated within the district where venue is sought to be established in order to constitute it an infringing sale, 232 F.Supp. 44–47. Judge Edelstein notes that *Union Asbestos*, supra, traced the genesis of the consummated sale doctrine and found it derived from the formulation of a rule by a single judge of the old Circuit Court of the Southern District of New York in Westinghouse Elec. & Mfg. Co. v. Stanley Electric Mfg. Co., 116 F. 641 (C.C.N.Y.1902). Analyzing W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915), which heads the list of cases (as collected at 232 F.Supp. 45) espousing the doctrine, Judge Edelstein concluded that the Supreme Court's discussion of the doctrine was not vital to its decision of the venue issue for the Court first held the defendant did not have a regular and established place of business in the district, then added no act of infringement had occurred in the district since the sale was consummated outside the district and, therefore, he felt the ". . . authority of Tyler as support of the proposition that a consummated sale is required is at best a doubtfully buttressed alternative holding or dictum." pp. 45–46.

In W. S. Tyler v. Ludlow-Saylor Wire Co., supra, only one sale appeared on the record and it was negotiated by the purchaser in order that it might afford the basis of the suit. The defendant's "Eastern Sales Representative," Guerin, who also solicited orders on behalf of another corporation, received the order and forwarded it to his principal in St. Louis for acceptance. The principal accepted the order for the goods in St. Louis, manufactured and shipped the goods from there by express to the purchaser in New York City. The court

held that the sale was consummated at St. Louis, when and where the offer was accepted, and did not constitute an infringing act in the Southern District of New York. The *Tyler* court cited Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co., supra, as authority for the conclusion that no act of infringment occurred in the district in which the suit was brought. In *Westinghouse*, the court found that the defendant's representatives in New York forwarded the purchaser's proposals to Pittsfield, Mass. for acceptance and delivery therefrom. The court found that since the representatives had no power to bind their principal in the district where suit was brought, and since acceptance and delivery were also made outside the district, that a *completed* act of infringement did not occur in the Southern District of New York.[2] (Emphasis ours).

■ The case at hand differs factually from those cases which require that the sale be completed and consummated within the district where venue is sought to be established. Memorex has a regular and established place of business in this district where it keeps products, receives orders and makes deliveries.[3] From the affidavits presented, we note that Memorex has at least two employees, Ray S. Cook and Lee Hayman, working at that office.

Regarding the transaction at issue, the order for the 20 rolls of film was placed at defendant's New Orleans office and according to the affidavit of Cook "if any *sales*, displays or *deliveries* of vesicular film were made through a Louisiana source since January 1, 1972, *they would have been handled through the New Orleans office*." (Emphasis ours). Thus, we have no evidence before us indicating that the order for the 20 rolls of film was accepted at any place other than the defendant's regular place of business in this district. Delivery of the 20 rolls of Memorex film to the plaintiff in New Orleans was made through the New Orleans office of Memorex.[4] The order for the film was placed by plaintiff[5] and was received in this district by the defendant's New Orleans office.[6] Therefore, the sale was completed in this district.[7] Bulldog Electrical Products v. Cole Electrical Products Co., 134 F.2d 545 (2nd Cir. 1943), petit. for mand. denied, 322 U.S. 714, 64 S.Ct. 1256, 88 L.Ed. 1556 (1944); Chadeloid Chemical Co. v. Chicago Wood Finishing Co., 180 F. 770 (C.C.S.D.N.Y.1910). The moribund doctrine pronounced by Judge Lacombe without authority in *Westinghouse*, supra, would not apply to the facts in this case, even if we chose to apply it.

Judge Edelstein further points out in *Watsco* that *Union Asbestos*, supra,

---

2. Other cases applying the completed sale doctrine, established by looking to the technicalities of sales law, finding that the sale was consummated elsewhere, and relying upon Judge Lacombe's statement in Westinghouse, supra, that for jurisdictional purposes, a completed act must be proved to have occurred within the district, are Cutler-Hammer Mfg. Co. v. Curtis and Carhart, Inc., 296 F. 117 (2nd Cir. 1924); Endrezze v. Dorr Co., 97 F.2d 46 (9th Cir. 1938); KamKap, Inc. v. Worldsbest Indus., Inc., 140 F.Supp. 854 (S.D.N.Y.1956); United Autographic Register Co. v. Egry Register Co., 219 F. 637 (N.D.Ill.1915). All involve orders for goods placed with sales representatives of the alleged infringers in the district where suits were brought who had no authority to bind their principals and acceptance of the orders by the principals outside the district. See

also Welding Engineers v. Aetna-Standard Engineering Co., 169 F.Supp. 146 (W.D.Pa. 1958).

3. See affidavit of Ray S. Cook.

4. See second paragraph of Number 3 of affidavit of Ray S. Cook.

5. Affidavit of James Tallon.

6. Ibid.

7. Fukagawa's affidavit evidences shipment to Louisiana, but does not show whether the film was shipped directly to plaintiff or to defendant's New Orleans office. Crediting Cook's statement that sales and deliveries of vesicular film *through a common* source would be handled through the New Orleans office as indicating the business practice of the defendant, we conclude the New Orleans office made the delivery to plaintiff.

Gwynne v. Michael Flynn Mfg. Co., 227 F.Supp. 357 (S.D.N.Y.1964); Stiegele v. Jacques Kreisler Mfg. Corp., 213 F. Supp. 494 (S.D.N.Y.1962); Sherman Paper Products Corp. v. Sorg Paper Co., 161 F.Supp. 44, 45 (E.D.Mich.1958) and Ronson Art Metal Works v. Brown & Bigelow, Inc., supra, lead the assault on the consummated sale doctrine. p. 45. The courts in these cases found the defendants' activities in the districts where suits were brought to be sufficiently significant to ignore the consummated sales doctrine. In Union Asbestos & Rubber Co. v. Evans, orders were solicited as part of a continual sales effort, promotional literature distributed, and the patented device physically demonstrated. Orders were forwarded by the defendant's regular and established place of business in the district where suit was filed to the home office outside the district and there was no evidence of sales or delivery in the suit district. In Gwynne v. Michael Flynn, defendant maintained, in the forum district, an office where it kept physical specimens and catalogs, employed two secretaries and five "consultants" who supplied cost estimates, technical information and solicited sales and who were paid a commission on the orders which were accepted out of the district. In Stiegele v. Jacques Kreisler Mfg. Co., the office in the forum district, which had been maintained for twenty years, was used by defendant's employees to solicit orders and to demonstrate defendant's products, samples of which were maintained in the office. It was headquarters for defendant's outside salesmen who carried on numerous sales activities. Acceptance of orders could only be made by the defendant's main office located in another state. In Sherman Paper Products v. Sorg, defendant had qualified to do business in the Michigan district where suit was brought, and paid Michigan taxes on $380,000 of sales to Michigan purchasers. Orders solicited and received in Michigan by a manufacturer's agent were sent to defendant in Ohio for acceptance or rejection. Small stocks of merchandise were kept in the agent's office from which some deliveries were made. In Ronson Art Metal Works v. Brown & Bigelow, defendant, having maintained offices in the forum district, employed 44 salesmen who solicited orders which were accepted or rejected outside the forum district, employed five persons besides the sales staff, and continuously for some years had exhibited and demonstrated the accused product in the forum district.

We would place the case sub judice in that line of cases that assault the consummated sales doctrine and would uphold venue of the action, as to the film patent, in this district even if the sale in question were not found to have been completed in the district. The established facts, some of which were previously noted, are that Memorex has a regular and established place of business in this district where it keeps its products, receives offers and makes deliveries. The defendant has at least two employees at that office, one of whom received the order placed by plaintiff for 20 rolls of film. The Cook affidavit admits that sales, displays or deliveries to Louisiana customers were handled through the defendant's office in this district. The Fukagawa affidavit establishes that five deliveries of vesicular film were made to firms in this district. In addition to the sale of 20 rolls of film to Kalvar on March 19, 1973, there were deliveries of two samples at no charge to Kalvar; one sample of 3 rolls of film on July 27, 1970, and one sample of one roll of film on October 5, 1972. Also, on December 16, 1971, defendant sold 20 rolls of film to Southern Microfilm Corp., North Causeway Boulevard, Metairie, for $15.30 per roll and delivered a sample at no charge to Associated Ideas International of 323 Chartres Street, New Orleans. The systematic and continuous sales activities of the defendant in this district when coupled with defendant's other conduct suffice as "acts of infringement" should infringement of the film patent be estab-

lished for the purposes of providing a basis for venue in this district.

■ The defendant's contention that a single sale of the accused film to the plaintiff does not amount to infringement is without merit. One sale will support jurisdiction and venue, 28 U.S.C. § 1400(b), 35 U.S.C. § 271,[8] Edison v. Allis-Chalmers Co., 191 F. 837, 839 (C.C.W.D.N.Y.1911); Archer Daniels Midland Co. v. Ralston Purina, 321 F.Supp. 262, 266 (S.D.Ill.1971); James P. Marsh v. U. S. Gauge Co., 129 F.2d 161 (7th Cir. 1942), and such sale may be one to the plaintiff patentee. Systron-Donner Corporation v. Palomar Scientific Corporation, 239 F.Supp. 148 (N.D.Cal.1965); Chicago Pneumatic Tool Co. v. Philadelphia Pneumatic Tool Company, 118 F. 852 (C.C.S.D.N.Y. 1902); Hutter v. De Q Bottle Stopper Company, 128 F. 283, 285 (2nd Cir. 1904); Minneapolis Honeywell Regulator Co. v. Thermoco, Inc., 37 U.S.P.Q. 604 (E.D.N.Y.1938). *See also* Bassick Mfg. Co. v. Ready Auto Supply Co., Inc., 22 F.2d 331, 339 (E.D.N.Y.1927) and Badische Anilin & Soda Fabrik v. A. Klipstein & Co., 125 F. 543, 556 (S.D. N.Y.1903).

The defendant also contends that on the basis of Original Tractor Cab, Inc. v. International Harvester and Royal Industries, (D.C.N.D.Indiana, May 24, 1973) an unreported memorandum of Decision and Order, we should grant its motion to dismiss the film patent claim. We disagree.[9]

Venue of this action as it relates to the claim of infringement of the film patent lies in this district. 28 U.S.C. § 1400(b); 35 U.S.C. § 271.

■■ Turning our attention next to the plaintiff's process patent claim, we note that the language of 28 U.S.C. § 1400(b) is specific and unambiguous and the requirement of venue under this statute "is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal construction.'" Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961). Proper venue in this district for the cause of action based upon infringement of the film patent does not vest this court with venue of the separate cause of action based upon infringement of the process patent where no acts of infringement of the process patent have occurred within this district. Dow Chemical Company v. Metlon Corporation, 281 F. 2d 292 (4th Cir. 1960); Schroeder v. Owens Corning Fiberglas Corporation, 326 F.Supp. 594 (C.D.Cal.1971); and Anderson v. Scandrett, 19 F.Supp. 681 (D.C.Minn.1937). *Compare* General Foods Corp. v. Carnation Co., 411 F.2d 528 (7th Cir. 1969). The sale or use of the film in this district does not constitute an infringement of the process patent within this district. See Lyon v. General Motors Corporation, 200 F.Supp. 89 (N.D.Ill.1961) citing Merrill v. Yeomans, 94 U.S. 568, 24 L.Ed. 235 (1876); In re Amtorg Trading Corporation, 75 F.2d 826, 22 C.C.P.A. 558 (1935); Foster D. Snell, Inc. v. Potters, 88 F.2d 611 (2nd Cir. 1937); Metro-Goldwyn-Mayer Corporation v. Fear, 104 F.2d 892 (9th Cir. 1939).

The complaint makes only general and conclusional allegations that ". . . the defendant has infringed Patent No. 3,149,971 (the process patent) in the manufacture in the United States of said film used and sold in this district and elsewhere and in the manufacture of other vesicular photographic film." In brief, the defendant states that all activities of defendant in relation to the process patent occur in California. None of the affidavits filed relate to

---

8. Though 35 U.S.C. Section 271 recognizes exceptions, we are unable to find that a sale made to the plaintiff is within such exceptions.

9. Apparently the court in Original Tractor Cab, supra, in granting a motion for summary judgment, found that plaintiff failed to countervail movers'· affidavits asserting that no acts of infringement were committed within the court's jurisdiction and therefore plaintiff did not carry its burden to establish venue in the Northern District of Indiana. In the instant case, we find to the contrary.

defendant's activities with respect to the process patent and neither the complaint allegations nor the defendant's brief claims are otherwise supported in the record.

■ The plaintiff must allege and prove that acts of infringement of the process patent occurred in this district in order to maintain the action in this jurisdiction. Brennan v. United Fruit Co., 108 F.2d 710 (5th Cir. 1940); Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182 (7th Cir. 1969); Phillips v. Baker, 121 F.2d 752 (9th Cir. 1941). Plaintiff has not done so. Venue of the action, as it relates to the process patent, does not lie in this district.

Finally, we consider the alternative motion of the defendant to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404 or 1406. Mover supports its motion with argument that it does not reside here and has committed no act of infringement in this district. But mover has admitted having a regular and established place of business in this district and we have found that it did, in fact, commit an act of infringement with respect to the film patent in this district.

Mover relies heavily on the fact that there is pending in the Northern District of California Court an infringement suit by the plaintiff against Xidex Corporation involving the very same process patent alleged to have been infringed by mover here.[10]

When the motions in this case were heard and memoranda submitted, the Xidex case had been already tried but not officially decided, although this Court was advised that Judge Charles B. Renfrew had informed the parties that he had concluded the process patent

was invalid. Mover's argued that transfer of this cause to Judge Renfrew's Court would prevent duplication of judicial effort because this cause could be consolidated with Xidex as of the time of filing of Xidex upon mover's declared intention to move for such consolidation and to agree that all evidence thus far taken would be applicable in Memorex and its further agreement to be bound by Judge Renfrew's decision on the issue of the validity of the process patent then under submission to the Judge. Such procedure mover suggests "would save much time and expense because the technology is fairly complex and Judge Renfrew is fairly familiar with it."

■ In Xidex, Judge Renfrew has since held the process patent invalid in a well written and reasoned opinion. Since the film patent involved here was not at issue in Xidex, Judge Renfrew did not deal with it, nor did he decide any of the issues involved in Kalvar's charge of unfair competition or Xidex's antitrust law violation counterclaim, though his holding of invalidity may possibly have disposed of Xidex's declaratory relief demands.[11]

Considering our conclusions that as to the claim on infringement of the film patent venue is proper in this district and that as to the claim of infringement of the process patent venue is not proper in this district, as well as the issues involved in and the posture of the Kalvar-Xidex ligitation, we hereby deny the Memorex motion to dismiss the action as to the film patent claims, grant the Memorex motion to dismiss the action as to the process patent claims, and deny the Memorex alternative motion to transfer this cause to the Northern District of California.

---

10. Kalvar Corporation v. Xidex Corporation, No. C–70–1860–CBR. In Xidex, Kalvar asserted also a claim for unfair competition and Xidex counterclaimed charging a violation of the antitrust laws and for declaratory relief with respect to the validity, infringement and enforceability of the process patent. See the Memorandum Opinion and

Order of Judge Charles B. Renfrew, D.C., 384 F.Supp. 1126 (1973).

11. We have been advised by letter of Charles Kohlmeyer, Esq., counsel for mover (copy to Harry McCall, Jr., Esq., counsel for Kalvar), transmitting at our request a copy of Judge Renfrew's opinion and order, that Kalvar has appealed the ruling in Xidex.