Herbert MARKMAN and Positek, Inc.

v.

WESTVIEW INSTRUMENTS, INC.
and Althon Enterprises, Inc.

Civ. A. No. 91–0940.

United States District Court,
E.D. Pennsylvania.

Sept. 30, 1991.

Lewis F. Gould, Jr., argued, Eckert, Seamans, Cherin & Mellott, Philadelphia, Pa., Timothy P. Ryan, William B. Mallin, argued, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for plaintiffs.

**1536**

Peter A. Vogt, argued, Gollatz, Griffin, Ewing & McCarthy, John C. Dorfman, Patrick J. Hagan, Dann, Dorfman, Herrell and Skillman, Philadelphia, Pa., Jack C. Goldstein, Terry D. Morgan, Arnold, White & Durkee, Houston, Tex., for Westview Instruments, Inc.

Peter A. Dunn, John C. Dorfman, Dann, Dorfman, Herrell and Skillman, Philadelphia, Pa., for Althon Enterprises, Inc.

## MEMORANDUM

KATZ, District Judge.

The issue is a motion for a directed verdict in this patent infringement case about an inventory control device used by laundries and dry cleaners. Defendants argue that the language of the patent and evidence presented at trial require an interpretation by the court of the patent claims at issue. Defendants argue that the undisputed facts concerning the capabilities of its product coupled with the correct reading of the patent claims require a verdict in its favor. For the following reasons, this court grants the motion for a directed verdict. The ruling controls as to both defendants. The jury verdict in favor of defendants controls as to claim 14. This ruling controls as to claims 1 and 10.

The question of claim construction is a matter of law for the court. *Kraus v. Bell Atlantic Corp.*, 716 F.Supp. 182, 184 (E.D.Pa.1989). As the court stated in *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 797 (Fed.Cir.1990), "A mere dispute concerning the meaning of a term does not itself create a genuine issue of material fact." Plaintiffs' expert did attempt to redefine several common words in unusual ways. Thus, plaintiffs have attempted to give novel meaning to the terms "inventory", "report" and "attached to" in order to sustain the claims of infringement.

The patent-in-suit, in pertinent part, states the following claims at issue:

CLAIM 1. The inventory control and reporting system, comprising;

a data input device for manual operation by an attendant, the input device having switch means operable to enter code information relating to sequential transactions, each of the transactions having articles associated therewith, said information including transaction identity and descriptions of each of said articles associated with the transaction;

a data processor including memory operable to record said information and means to maintain an inventory total, said data processor having means to associate sequential transactions with unique sequential indicia and to generate at least one report of said total and said transactions, the unique sequential indicia and the descriptions of articles in the sequential transactions being reconcilable against one another;

a dot matrix printer operable under control of the data processor to generate a written record of the indicia associated with sequential transactions, the written record including optically-detectable bar codes having a series of contrasting spaced bands, the bar codes being printed only in coincidence with each said transaction and at least part of the written record bearing a portion to be attached to said articles; and,

at least one optical scanner connected to the data processor and operable to detect said bar codes on all articles passing a predetermined station,

whereby said system can detect and localize spurious additions to inventory as well as spurious deletions therefrom.

CLAIM 10. The system of claim 1, wherein the input device is a keyboard having alpha-numeric keys, and also having keys specific to a plurality of common attributes of the articles and common optional attributes of the sequential transactions, said common attributes being recorded using single key strokes.

■ Plaintiffs' expert testified that these claims "read on" Westview's system because: "report" means "invoice"; "attached to said articles" means "attached to

a plastic bag that covers a batch of the articles"; and "inventory" means "cash" or "invoices" not "articles of clothing." These definitions are contrary to the ordinary and customary meaning of these terms, as well as the obvious meaning intended by the patentee, determined from the specifications, the drawings and the file histories of the original patent and the patent-in-suit. In interpreting the meaning of patent claims, "[w]ords in a claim 'will be given their ordinary and accustomed meaning unless it appears that the inventor used them differently.'" *Jonsson v. Stanley Works*, 903 F.2d 812, 820 (Fed.Cir.1990) (quoting *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753, 759 (Fed.Cir.1984); quoting *Universal Oil Prods. Co. v. Globe Oil & Refining Co.*, 137 F.2d 3, 6 (7th Cir.1943), *aff'd*, 322 U.S. 471, 64 S.Ct. 1110, 88 L.Ed. 1399 (1944)). The inventor may not change the meaning of his words to fit the particular circumstances of a trial. *Chicago Steel Foundry Co. v. Burnside Steel Foundry Co.*, 132 F.2d 812, 814–15 (7th Cir.1943).

Plaintiffs' technical expert's testimony is based on an artificial interpretation of key words and phrases that runs counter to their ordinary meaning. The patent expert's testimony about the interpretation of the claim is not helpful because that is a legal issue for the court. "Construction of claim scope (claim interpretation), ... is a question of law for decision by the trial judge on motion for JNOV.... Once an interpretation has been made, that same interpretation must be employed in determining literal infringement and infringement under the doctrine of equivalents." *Senmed, Inc. v. Richard–Allan Medical Industries*, 888 F.2d 815, 818 (Fed.Cir. 1989).

■ A finding of literal infringement requires that the accused device include every element of the claim as properly interpreted. *Texas Instruments, Inc. v. I.T.C.*, 805 F.2d 1558, 1562 (Fed.Cir.1986). In the absence of literal infringement, a finding of infringement under the doctrine of equivalents is warranted only when the accused device performs substantially the same function, in substantially the same way, to obtain substantially the same overall result as the claimed invention. *Pennwalt Corp. v. Durand–Wayland, Inc.*, 833 F.2d 931, 934 (Fed.Cir.1987), *cert. denied*, 485 U.S. 961, 108 S.Ct. 1226, 99 L.Ed.2d 426 (1988).

■ In this case, the patent-in-suit relates to inventory control devices capable of monitoring and reporting upon the location of inventory in a dry cleaning and laundry establishments. Simply put, defendants' device lacks such capability. Inventory means articles of clothing. The patent claims track articles of clothing by using computer memory. Defendants' device has no "means to maintain" inventory in memory. Claims 1 and 10 define a system that includes a data processor, or computer, which has sufficient memory to record information about sequential transactions, including the identity and descriptions of the articles of clothing involved, and which also has the means or ability to generate at least one report of inventory total and transaction totals in which the unique sequential indicia, or invoice number, and the description of the articles in the transaction can be reconciled against one another. A system, like defendants', which does not have memory operable to record and store and later use information about clothing articles does not infringe the patent-in-suit.

Claims 1 and 10 also define a system in which the data processor has both the memory to and the means to maintain an inventory total. A system like defendants' which lacks both that memory and the means to maintain an inventory total does not infringe the patent-in-suit. Inventory means articles of clothing, not just dollars. To read the word inventory otherwise would lead to "semantic antics" in reading the claim that the "... system can detect and localize spurious additions to inventory as well as spurious deletions therefrom." It is difficult to visualize a system that would detect and localize spurious dollar deletions and additions to inventory. A construction of "inventory" which excludes articles of clothing in the shop would hard-

**1538**

ly be one ordinary meaning of that word. Plaintiffs' device tracks articles of clothing; defendants' device does not.

Further, claims 1 and 10 define a system which, unlike defendants', has at least one optical scanner connected to the data processor operable to detect bar codes on all articles of clothing which pass a predetermined, or fixed station. A system, like defendants', lacking that capacity, does not infringe this patent. Tracking invoices is different from tracking articles of clothing.

Claims 1 and 10 are for an inventory and control system which must be able to detect and localize spurious additions to inventory as well as deletions from inventory. As used in claim 1, inventory refers to both cash inventory and the actual physical inventory of articles of clothing. A system like defendants' lacking such dual capacity does not infringe this patent. Since claim 10 is dependent on claim 1, that claim of infringement also fails. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n. 9 (Fed.Cir.1989).

While it may be true that defendants' sales or instructions literature exaggerated its systems' capabilities, spurious advertising claims for defendants' products do not a patent infringement case make. *National Union Fire Ins. Co. v. Siliconix Inc.*, 729 F.Supp. 77, 79 (N.D.Cal.1989); *Welding Engineers v. Aetna–Standard Engineering Co.*, 169 F.Supp. 146, 149 (W.D.Pa. 1958). Plaintiffs' patent claims are for a sophisticated inventory control device tracking individual articles of clothing. Defendants sell a rudimentary invoice printer, like a cash register that produces a receipt, one copy of which is handed to the customer while the other copy is attached to batches of clothing. Plaintiffs' claims are for a device with computer memory storing descriptions of the clothing. Defendants' device has no memory of a transaction after it prints the invoice. Defendants' device does not include every element of the claims, nor does it perform the same function as the claimed invention. Therefore, defendants' device does not infringe either literally or equivalently. *See, Pennwalt Corp. v. Durand–Wayland,*

*Inc.*, 833 F.2d 931, 934 (Fed.Cir.1987), *cert. denied*, 485 U.S. 961, 108 S.Ct. 1226, 99 L.Ed.2d 426 (1988); *Texas Instruments, Inc. v. I.T.C.*, 805 F.2d 1558, 1562 (Fed.Cir. 1986).